■ EXCHANGE MUTUAL INSURANCE COMPANY, Appellant, v. JOSEPH BLAZEY et al., Respondents.— In an action seeking a declaratory judgment that plaintiff owes no obligation of defense or of payment pursuant to its automobile liability insurance policy issued to defendant Blazey, in connection with the claims and causes of action asserted by defendant Vinnedge, plaintiff appeals from an order of the Supreme Court at Special Term which denied its motion for a stay of the action of defendant Vinnedge against defendant Blazey until the determination of the action for declaratory judgment; and which order, also, granted defendant Blazey's cross motion to dismiss the complaint in the action for declaratory judgment on the ground that the same is insufficient in that it fails to demonstrate a presently justiciable controversy. Plaintiff relies upon the provision of the policy which excludes from its application "bodily injury or property damage caused intentionally by or at the direction of the insured" and alleges that the injuries and damage claimed in the Vinnedge complaint were caused intentionally, in that insured "did strike with his automobile the [Vinnedge] automobile * * * three times on purpose." The Vinnedge complaint alleges that in successive operations, in immediate sequence, Blazey twice drove and operated his automobile so "carelessly and negligently * * * that it ran into and struck the rear end of [the Vinnedge] automobile" and "again carelessly and negligently drove and operated his said automobile into the rear end of [the Vinnedge] automobile". These averments are followed by particular allegations of negligent acts and omissions, some constituting common-law negligence and others statutory violations. The complaint alleges no intent to cause a collision or to inflict injury or damage. It may be noted parenthetically that a policy

provision similar to that before us has been held not to exclude liability for injury which is the "unintended result of an intentional act" of the insured. (*Baldinger* v. *Consolidated Mut. Ins. Co.*, 15 A D 2d 526, affd. 11 N Y 2d 1026.) Although we have determined that the order must be affirmed, we do not agree with Special Term's conclusion that the trial of the negligence action will necessarily develop proof upon which a special verdict under section 459 of the Civil Practice Act could properly be rendered. Certainly, the defendant will not attempt to prove that he intended to injure; and, realistically, we would not expect that plaintiff will adduce proof which might jeopardize the ready collectibility of a favorable judgment. In our view, dismissal of the complaint is mandated by the decision in *Prashker* v. *United States Guar. Co.* (1 N Y 2d 584). In that case liability for negligent operation of an airplane was asserted "on some grounds which, if established, would fall within and upon some which would fall without the exclusionary clause in the insurance policy" (p. 590). In this case, some of the acts and omissions charged — such as failure of control — are purely in negligence and inconsistent with intent to injure; while other specifications — such as excessive speed — do not exclude a concurrent intent to injure, although such, of course, is in no way essential to a recovery. In any event, as in *Prashker* (p. 590), "it cannot be ascertained in advance of the trial * * * which of these grounds of liability, if any of them, will be adjudicated" against the defendant in the tort action. Here, as in *Prashker* (p. 591), is involved a declaratory judgment action presenting questions of fact as to the manner of operation, with the result that "the facts might be decided in one manner in the declaratory judgment action, and differently in the principal actions, with the consequence that the liability of the carrier or lack of it might be decided on facts other than those to be established between the parties in the main action or actions"; and, since the "policy is one of indemnification, it is clear that the liability of the insurance company depends upon the basis for liability which is adjudicated against the assureds in the main actions". Finally, and again as was held in *Prashker* (p. 592): "The circumstance that some grounds are alleged in the complaints in the negligence actions which would involve the insurance company in liability, is enough to call upon it to defend these actions (*Doyle* v. *Allstate Ins. Co.*, 1 N Y 2d 439). The defense of the negligence actions cannot await their outcome; it must be undertaken now." Order unanimously affirmed, with $10 costs. Present — Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ.