(July 29, 1985)

■ PETER BARON, Appellant, v HOME INSURANCE COMPANY, Respondent.—In an action to declare that the Home Insurance Company (Home) is obligated to defend and indemnify plaintiff pursuant to the provisions of an insurance policy, plaintiff appeals from an order of the Supreme Court, Rockland County (Dickinson, J.), dated May 10, 1983, which denied his motion for summary judgment on the first cause of action demanding that Home defend him.

Order reversed, on the law, with costs, and motion for summary judgment on plaintiff's first cause of action granted to the extent of declaring that Home is required to pay the reasonable costs of plaintiff's defense in the underlying negligence action and is required to compensate said plaintiff for the cost of his defense incurred thus far in said action, and matter remitted to the Supreme Court, Rockland County, for an assessment of such costs.

Home issued a homeowner's insurance policy that obligated it to defend and indemnify plaintiff against claims "for dam-

ages because of bodily injury or property damage". During the term of the policy, Gregory Powers allegedly exited from the front entrance of plaintiff's home after a visit and "caught and trapped his foot in a large hole situated at the bottom of the front entrance steps, causing him to fall and sustain serious injuries"; he thereafter brought suit. Home disclaimed coverage on the ground that "under the heading Exclusions * * * [t]his policy does not apply * * * to bodily injury or property damage arising out of business pursuits of any insured except activities therein which are ordinarily incident to non-business pursuits". Thereafter, plaintiff brought the instant declaratory judgment action for an adjudication that Home was obligated to defend and indemnify him in the Powers action pursuant to the policy, and moved for summary judgment on the first cause of action relating to his claim that Home should defend him. Noting that the underlying negligence action was brought against "Peter Baron d/b/a/ Designs-in-Blinds", Special Term denied plaintiff's motion on the ground that this caption "raises a question of whether this incident arose out of a personal matter or, in fact, was strictly a business relationship". We reverse.

It is well-settled law that where an insurance policy includes the insurer's promise to defend the insured against specified claims as well as to indemnify for actual liability, the insurer's duty to furnish a defense is broader than its obligation to indemnify (see, Seaboard Sur. Co. v Gillette Co., 64 NY2d 304; International Paper Co. v Continental Cas. Co., 35 NY2d 322, 326). The duty to defend arises whenever the allegations in a complaint against the insured fall within the scope of the risks undertaken by the insurer, regardless of how false or groundless these allegations might be (Seaboard Sur. Co. v Gillette Co., supra; Goldberg v Lumber Mut. Cas. Ins. Co., 297 NY 148, 154). It is also well-settled law that if the insurer is to be relieved of a duty to defend, it must demonstrate that the allegations of the underlying complaint place that pleading solely and entirely within exclusions of the policy and that the allegations are subject to no other interpretation (see, Seaboard Sur. Co. v Gillette Co., supra; International Paper Co. v Continental Cas. Co., supra, at p 325; Prashker v United States Guar. Co., 1 NY2d 584, 592). Home has not met that burden.

As noted, the insurance policy in question does not apply to bodily injury "arising out of business pursuits of any insured" except "activities which are ordinarily incident to non-business pursuits". Even taking into account that plaintiff was

sued in a business capacity and assuming, arguendo, that he was engaged in a business pursuit and Powers had come to his home to conduct business, as Home maintained in opposition to plaintiff's motion, the fact is that Powers' complaint in the negligence action simply stated that he had sustained injuries from falling after he had "caught and trapped his foot in a large hole situated at the bottom of the front entrance steps". These activities, being "ordinarily incident to non-business activities", would clearly fall within the narrow exception of the exclusionary clause. Home has failed to raise any factual issue as to the occurrence's being "ordinarily incident to non-business activities" and to conclusively demonstrate that the allegations of the complaint place the pleading solely and entirely within the policy exclusions. Thus, plaintiff should have been granted summary judgment.

Finally, we note that since there is a potential conflict of interest between plaintiff and Home in the defense of the negligence action, plaintiff should be permitted to select his own attorney, the reasonable value of whose services Home shall be liable for. Home is likewise responsible for the cost of plaintiff's defense incurred thus far in that action (see, *Prashker v United States Guar. Co., supra; see also, Utica Mut. Ins. Co. v Cherry,* 45 AD2d 350, *affd* 38 NY2d 735). Mangano, J. P., Thompson, O'Connor and Weinstein, JJ., concur.