■ ALLSTATE INSURANCE COMPANY, Appellant, v MOHAMED K. NOORHASSAN et al., Respondents, et al., Defendants.

On November 24, 1986, a fire of unknown origin swept through the home of Gloria J. and Mohamed K. Noorhassan. At the time of the fire Gloria was baby-sitting for eight children, ranging in age from 10 months to four years. Two of the children died in the fire, and the remaining six suffered injury. An investigation was conducted by the District Attorney of Kings County, which resulted in her conviction of operating a day-care service without the appropriate permits and approvals, in violation of the New York City Health Code.

The Noorhassans were insured under a homeowners' policy issued by the plaintiff Allstate Insurance Company (hereinafter Allstate) and Mohamed K. Noorhassan had excess liability coverage under a personal umbrella policy issued by Allstate. However, both policies contain an exclusion for claims "arising out of" a business pursuit of an insured. Upon disclaiming coverage based, in part, upon this exclusion, Allstate commenced this action for a judgment declaring that it has no obligation to defend or indemnify the Noorhassans for property damage or claims it anticipated would be brought on behalf of the deceased and injured children against the Noorhassans. We conclude that the business pursuits exclusion does not serve to absolve Allstate of liability for property damage sustained by the Noorhassans; nor does it serve to free Allstate from its obligation to defend the Noorhassans in actions brought against them on behalf of the deceased and injured children.

We begin with the oft-stated rule that the insurer bears the burden of establishing the applicability of an exclusion, and any ambiguity in an exclusion must be strictly construed against the insurer (see, Smith Jean, Inc. v Royal Globe Ins. Cos., 139 AD2d 503; Ramirez v United States Fid. & Guar. Co.,

133 AD2d 146). Allstate has failed to submit any evidence to establish that the Noorhassans' property damage, which resulted from a fire of unknown origin, arose out of the alleged baby-sitting business conducted by Gloria J. Noorhassan. Thus, with respect to the Noorhassans' claim for property damage, Allstate has failed to meet the aforementioned burden, and must indemnify the Noorhassans under their homeowners' policy.

With respect to the actions brought against the Noorhassans on behalf of the deceased and injured children, an insurer shall not be relieved of its extremely broad duty to defend unless it demonstrates "that the allegations of the underlying complaint place that pleading solely and entirely within exclusions of the policy and that the allegations are subject to no other interpretation" *(Baron v Home Ins. Co.,* 112 AD2d 391, 392). The record before us contains two complaints in actions brought against the Noorhassans, both of which assert, *inter alia,* that the injuries sustained by the children were caused by the Noorhassans' negligent ownership, operation, maintenance, control and supervision of their premises, and that the injuries did not arise out of Gloria's alleged baby-sitting business. As Allstate has failed to establish that the allegations place the pleadings "solely and entirely within exclusions of the policy", it is not entitled to relief from its broad duty to defend the Noorhassans.

We note that one of these complaints also contains allegations that the infant's injuries (in that case her death) were caused by Gloria J. Noorhassan's negligent supervision of the infant. If the plaintiffs in that action prevail under that theory of liability, then a question of fact would arise as to whether Allstate has a duty to indemnify Gloria J. Noorhassan, the only party against whom such a theory could be asserted. This would turn upon whether Gloria J. Noorhassan's baby-sitting enterprise could be considered a business. On this record a question of fact exists as to whether a profit motive was involved *(see, Shapiro v Glens Falls Ins. Co.,* 47 AD2d 856, *affd* 39 NY2d 204; *Levinson v Aetna Cas. & Sur. Co.,* 42 AD2d 811). If Allstate can establish the existence of a profit motive, then any injuries sustained as the result of Gloria J. Noorhassan's negligent supervision of the children in her charge constitute bodily injury "arising out of the past or present business pursuits of an insured person", and fall squarely within the exclusion of the homeowners' insurance policy *(see, Moncivais v Farm Bur. Mut. Ins. Co.,* 430 NW2d 438 [Iowa]; *McCloskey v Republic Ins. Co.,* 80 Md App 19, 559

A2d 385). Finally, we note that a potential conflict of interest exists between Allstate and the Noorhassans. Thus, the Noorhassans should be permitted to select their own attorney. However, Allstate is liable for the reasonable value of the services of the Noorhassans' attorney. Allstate is also responsible for the costs already incurred by the Noorhassans for their defense in the actions against them on behalf of the deceased and injured children *(see, Baron v Home Ins. Co.,* 112 AD2d 391, 393, *supra).* Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.