■ HANOVER INSURANCE COMPANY, Appellant-Respondent, v EDIE COWAN, as Guardian ad Litem for LAUREN MOSER, an Infant, et al., Defendants-Respondents, and JEANETTE D'AMICO et al., Respondents-Appellants.—In an action for a judgment declaring that the plaintiff Hanover Insurance Company is not obligated to defend or indemnify the defendants Jeanette D'Amico and Martin D'Amico under a homeowners' policy issued to the D'Amicos for claims arising out of alleged injuries sustained by a child for whom they were babysitting, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Hand, J.), dated October 23, 1989, as denied its motion for summary judgment, and the defendants Jeanette D'Amico and Martin D'Amico cross-appeal from so much of the order as denied their cross motion for partial summary judgment with respect to the plaintiff's duty to defend them.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the cross motion for summary judgment and substituting therefor a provision granting the cross motion to the extent of finding that the plaintiff has a duty to pay the reasonable costs of the respondents-appellants' defense in the action commenced by Edie Cowan, as Guardian ad Litem for Lauren Moser, in the Supreme Court,

Suffolk County, Index No. 88-12582, and is required to compensate them for the costs already incurred for their defense in that action; as so modified, the order is affirmed, with one bill of costs, payable by the plaintiff to the respondents-appellants and the respondents appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Suffolk County, for an assessment of costs already incurred by the respondents-appellants for the defense in that action.

On July 14, 1987, Lauren Moser, an infant, was allegedly injured while under the care and supervision of defendants Jeanette and Martin D'Amico. Jeanette D'Amico babysat for the child on an almost daily basis and was paid two dollars an hour for this service. The D'Amicos were insured under a homeowners' policy issued by the plaintiff. This policy contained an exclusion for injuries "arising out of business pursuits of an insured". The policy also contained a narrow exception to the exclusionary clause which provided coverage for "activities which are usual to non-business pursuits". The plaintiff, relying on the business pursuits exclusion, commenced this action for a judgment declaring that it had no obligation to defend or indemnify the D'Amicos for claims brought on behalf of the infant Moser.

It is axiomatic that an insurance company's duty to defend is broader than its duty to indemnify *(see, Seaboard Sur. Co. v Gillette Co,* 64 NY2d 304). It is also well-settled that if the insurer is to be relieved of a duty to defend, it must demonstrate that the allegations of an underlying complaint place that pleading solely and entirely within the exclusions of the policy and that the allegations are subject to no other interpretation *(see, Allstate Ins. Co. v Noorhassan,* 158 AD2d 638; *see, Baron v Home Ins. Co.,* 112 AD2d 391).

Although the plaintiff has established that the D'Amicos were engaged in a business pursuit when the child was allegedly injured since the D'Amicos engaged in a customary or continued activity for the purpose of profit *(see, Shapiro v Glens Falls Ins. Co.,* 47 AD2d 856, *affd* 39 NY2d 204), the record is devoid of evidence as to the circumstances under which the child allegedly sustained injury. The plaintiff therefore failed to meet its burden of establishing that the alleged injury resulted from activities which fell solely under the business pursuits exclusion of the policy and not under the narrow exception to that exclusionary clause which requires that coverage be afforded for activities "usual to non-business pursuits". Because the plaintiff failed to meet its burden of

establishing that the exclusion applied, it is not entitled to relief from its broad duty to defend the D'Amicos.

Furthermore, since there is a potential conflict of interest between the plaintiff and the D'Amicos, the D'Amicos should be permitted to select their own attorney, and the plaintiff is liable for the reasonable value of the services *(see, Allstate Ins. Co. v Noorhassan, supra; see, Baron v Home Ins. Co., supra)*. Additionally, the plaintiff is liable for the costs already incurred by the D'Amicos in the action brought against them by Edie Cowan, as Guardian ad Litem for Lauren Moser *(see, Prashker v United States Guar. Co.,* 1 NY2d 584). Brown, J. P., Kooper, Harwood and Miller, JJ., concur.