OPINION OF THE COURT
Joseph J. Sedita, J.
This lawsuit seeks a declaratory judgment defining the extent of possible coverage which may be imposed upon the defendant incident to a theft claim involving photographic equipment. Plaintiffs have moved for summary judgment and the defendant has moved to dismiss the complaint.
The facts of this case are relatively simple. In November of *492 1989, plaintiff Floyd Kennedy notified his homeowner’s insurance carrier (the defendant) of the theft of allegedly expensive camera equipment from a car driven by his son David. The defendant denied coverage except for $250, based upon a limit in the coverage "on property, away from the resident premises used at any time or in any manner for any business purpose”. In a conversation with the adjuster for the defendant company, David indicated that he worked as a salesman for upscale sound systems in vehicles and homes. Although not required for his job, David sometimes photographed the finished sound systems. It is undisputed that David is an avid photographer who also utilized the equipment extensively during leisure activities.
The issue presented appears to be one of first impression as we have found no cases in point on this issue. The issue is whether the exclusionary language of the contract precludes recovery of more than $250 for items which were not necessary for "business” or "work”, but which were nonetheless utilized during, or incident to a business activity.
The import which we much give the language of this exclusion must reflect the average person’s understanding (De Forte v Allstate Ins. Co., 81 AD2d 465). Any ambiguity in the language must be interpreted against the insurance carrier, especially when found in an exclusionary clause (Ace Wire & Cable Co. v Aetna Cas. & Sur. Co., 60 NY2d 390; Sacks v Hartford Ins. Co., 68 AD2d 48; Allstate Ins. Co. v Noorhassan, 158 AD2d 638).
Looking at the over-all scheme of the policy and the exclusion in particular, the policy is a homeowner’s policy and intends to cover only the home and domestic related activities. This is not a "business” policy, and the carrier wishes to make sure that it is not forced to cover business activities. The policyholder has, of course, not paid for business coverage.
The important question we believe is whether or not the camera equipment was required for or primarily obtained to aid in a business or employment pursuit. An individual might buy expensive eyeglasses or an expensive watch which he uses during or incident to his job, as well as during his leisure. Few would argue that such items would be excluded from homeowner’s coverage if lost or stolen. The key we feel is whether the primary purpose of the equipment and its utilization by David was to further a "business” objective, or a nonbusiness objective.
*493 The undisputed facts before this court attest clearly to a nonbusiness purpose for this equipment. It was not required for his job, nor was the equipment or any part of it purchased for use on his job. The equipment was purchased and utilized for leisure and recreational photography, and an occasional photo taken of his work product cannot change the essential character of the items, or their recreational purpose.
Accordingly, the plaintiffs’ motion is granted, and the defendant’s motion is denied.