OPINION OF THE COURT
Edward J. Hart, J.
The defendant Peter Guagenti moves this court for an order directing the plaintiff Vanguard Insurance Company to pay for counsel other than counsel chosen by the carrier to defend him in the companion action.
The companion action involves injury to the plaintiff, one *901 Mary Jo Buttafuoco allegedly inflicted by a defendant in that action, one Amy Fisher. As to the defendant Peter Guagenti, the causes of action alleged against him in the complaint in the companion action all sound in negligence.
The counsel for the involved liability insurance carrier states in his affidavit in opposition to the motion to disqualify the counsel appointed by the carrier to defend Peter Guagenti: "In the case at bar, however, the pleading does not contain covered and non-covered causes of action.” Having conceded that the causes of action alleged in the complaint are covered, there is no reason why an attorney representing Peter Guagenti should or could ethically ask that questions be posed to the jury in the case-in-chief that would impair or endanger the liability coverage.
The language of the Court of Appeals in Public Serv. Mut. Ins. Co. v Goldfarb (53 NY2d 392, 401) in the footnote would seem to dispose of the issue aforementioned, i.e., the submission by the defendant Peter Guagenti urging a conflict in the case-in-chief: "That is not to say that a conflict of interest requiring retention of separate counsel will arise in every case where multiple claims are made. Independent counsel is only necessary in cases where the defense attorney’s duty to the insured would require that he defeat liability on any ground and his duty to the insurer would require that he defeat liability only upon grounds that would render the insurer liable.”
Such is not the situation in the instant case, ergo, it would seem the conflict argument based on the possible conflict in implementing trial tactics must fall.
However, the court must consider the decision of the Appellate Division, Second Department, in Baron v Home Ins. Co. (112 AD2d 391). The Baron case involved a liability policy which contained a business pursuit exclusion. The insured, Baron, was sued in an action arising out of a fall at the insured premises. The carrier, Home, disclaimed alleging that the accident sued on was not covered due to the exclusion aforementioned. The insured brought an action for declaratory judgment seeking a determination that coverage existed for the occurrence in question and moved for summary judgment. The IAS Justice denied the motion and an appeal was taken to the Second Department.
This court has reviewed the record on appeal in the Baron case (supra) and finds that the complaint in the underlying *902 tort action in the case was a simple common-law tort action sounding in negligence. In fact, the complaint consisted of merely six paragraphs and did not allege by inference or expressly a business pursuit situation. Thus, since the only allegation as to liability was negligence without a business pursuit overlay, the counsel appointed by the insurance carrier would not be required to defeat liability on any grounds that would jeopardize the insured’s liability coverage. This is the same position taken by Vanguard in the case at bar, i.e., that based on the allegations in the complaint counsel appointed by it will not have to attempt in the tort case to defeat liability on an uncovered theory.
Vanguard’s counsel has indicated to the court that while it agrees that based on the complaint in the underlying lawsuit, such allegations facially qualify for coverage, this may not, however, end the matter. Vanguard concedes that it will continue to investigate and, if possible, avoid coverage by showing that its insured acted intentionally rather than negligently.
In Baron v Home Ins. Co. (supra) the Appellate Division reversed the IAS determination and remitted the matter with a direction that the carrier provide a defense to the insured at its expense. The Court further found that the insured/defendant in the negligence action should be permitted to select his own attorney at Home’s expense based on "a potential conflict of interest” saying in Baron (at 393): "Finally, we note that since there is a potential conflict of interest between plaintiff and Home in the defense of the negligence action, plaintiff should be permitted to select his own attorney, the reasonable value of whose services Home shall be liable for. Home is likewise responsible for the cost of plaintiff’s defense incurred thus far in that action (see, Prashker v United States Guar. Co., supra; see also, Utica Mut. Ins. Co. v Cherry, 45 AD2d 350, affd 38 NY2d 735).”
The Court apparently considered the footnote in Public Serv. Mut. Ins. Co. v Goldfarb (supra, at 401) dicta and rejected the proposition that if the complaint on its face does not demonstrate a conflict, the insurance company’s right to choose counsel is salvaged.
Turning to scheduling insofar as a final determination of coverage is concerned, the court cannot order a preferred trial and resolution of the coverage dispute in the declaratory judgment action brought by Vanguard in advance of the final *903 disposition of the case-in-chief (see, Exchange Mut. Ins. Co. v Blazey, 19 AD2d 682; State Farm Fire & Cas. Co. v Joslyn, 99 AD2d 631; Prashker v United States Guar. Co., 1 NY2d 584; American Home Assur. Co. v Port Auth., 66 AD2d 269).
In sum, Vanguard agrees that based on the allegation in the complaint in the underlying action it owes a defense to the defendant Guagenti. Based on the Baron case (supra) the insured/defendant has a right to choose defense counsel. Therefore, the motion seeking to substitute counsel of Guagenti’s choice for counsel chosen by Vanguard is granted, said counsel to be paid at normal insurance legal defense fee rates.
The motion to stay discovery is denied.