*96 OPINION OF THE COURT
Phillip R. Rumsey, J.
MOTION
Plaintiff Paul Velleman moves for summary judgment in this declaratory judgment action to have the court declare that Continental Insurance Company, Inc. (Continental) must defend and indemnify him in an action pending in Supreme Court[1] (referred to herein as Mix v Velleman) and to award him damages, legal fees, costs and disbursements. (CPLR 3212.) Plaintiff also moves for a protective order from Continental’s discovery demand seeking the production of Velleman’s tax returns.
CROSS MOTION
Continental cross-moves for summary judgment pursuant to CPLR 3212 for a declaration that it has no obligation to defend and indemnify Velleman, or, in the alternative, granting it an order compelling the production of Velleman’s tax returns as requested in Continental’s discovery demands.
FACTS
Velleman is the owner of and resides in a home located at 15 Lisa Lane, Ithaca, New York. The home has a self-contained apartment on the ground level with an entrance at the rear of the building. Velleman leases the apartment to Data Description, Inc., a software design business in which Velleman is a stockholder and officer.
Velleman and Continental entered into an insurance agreement, referred to herein as the "policy”, providing homeowner’s coverage to Velleman effective March 26, 1992.
During October 1992 Velleman began remodeling the home at 15 Lisa Lane; the construction consisted of an addition at the rear of the building, reconstruction of the walkway around the home, and landscaping work.
In or about October 1992, Robert Mix, a United Parcel Services (UPS) employee, allegedly slipped and fell on the Velleman property. In March 1993, Carmelita Mix, personal representative of Robert Mix, now deceased, commenced a *97 legal action against Velleman personally as well as against Velleman’s corporation.[2]
Velleman gave notice of the claim under the policy to Continental’s agent. By letter dated May 7, 1994, Continental disclaimed coverage to Velleman under the policy based upon a restriction in the policy which states in pertinent part:
"B * * * \Ve do not cover liability:
"(a) arising out of the business pursuits of a Covered Person of the rental or holding for rental of any part of any premises by any Covered Person, except * * *
"(2) activities which are ordinarily incident to non -business pursuits.”
DISCUSSION
On these motions for summary judgment, both parties agree that there is no question of fact with regard to the relevant events, and no material issue of fact that would preclude the grant of summary judgment. Declaratory judgment is an appropriate vehicle to test Continental’s right to disclaim coverage and deny any duty to defend or indemnify Velleman (see, Prashker v United States Guar. Co., 1 NY2d 584).
An insurer’s obligation to defend is broader than its obligation to pay, and declaratory judgment will be granted requiring it to defend whenever the complaint alleges facts and circumstances, some of which would, if proved, fall within the risk covered by the policy (24B Carmody-Wait 2d, NY Prac § 147:82, at 315). "[Nevertheless, it is equally well settled that the obligation of an insurer to defend does not extend to claims which are not covered by the policy or which are expressly excluded from coverage” (30 W. 15th St. Owners Corp. v Travelers Ins. Co., 165 AD2d 731, 733 [citations omitted]).
The complaint in Mix v Velleman (supra) essentially alleges that Robert Mix was directed by his employer to pick up a package at the offices of The Data Desk located at 15 Lisa Lane; that as a result of construction the regular walkway was obstructed; as a consequence, an opening in a hedge row provided the only access to the defendant’s commercial offices; that the defendant had placed a sign on the building reading "deliveries” with an arrow pointing south; that precipitation *98 had caused the pathway leading to the defendant’s commercial premises to become muddy and slippery; Robert Mix attempted to walk down the pathway in accordance with the instructions contained on the sign; because of the dangerous condition of the pathway Robert Mix slipped and sustained injuries.
Velleman argues that the fall was related primarily to the ongoing construction work and that it occurred outside the professional office; therefore, there must be coverage under the policy. The question is not, as urged by Velleman, why Robert Mix fell, but why he was at the premises.
Velleman testified that in the course of his business deliveries were common. Typically there would be a delivery each day and perhaps a pickup, and the deliveries would be made by more than one shipper.
The evidence submitted to the court indisputably establishes that the liability sought to be covered arose out of the business activities located on the premises. Furthermore, the complaint explicitly addresses the business located at the premises and is devoid of any allegations which even faintly suggest a reasonable possibility of coverage. (Colon v Aetna Life & Cas. Ins. Co., 66 NY2d 6.)
Under these facts, the "business pursuits” exclusion in the policy is applicable (see, Callahan v American Motorists Ins. Co., 56 Misc 2d 734).
A far more difficult question is whether the exception to the exclusion is germane to invoke coverage. Even if the business pursuits exclusion applies, the insured may still be covered if the activity is one that is "ordinarily incident to non-business pursuits”. Velleman raises the issue and Continental tersely disregards it by simply asking that it be rejected.
Velleman strongly argues that the UPS deliveries and pickups are activities common and ordinarily incident to residential use.
The parties offer no case law to support their respective positions, and indeed there does not appear to be a New York case that expounds upon what type of activities are ordinarily incident to nonbusiness pursuits.
Velleman contends that the plain meaning of the exception covers a UPS delivery because such an activity is one common to almost all households and easily fits within the exception. That point of view is open to debate since UPS services, while not extraordinary, are not so frequent, so prevalent as to be *99 characterized as ordinarily incident to a nonbusiness use. It is not a service (in contrast to ordinary mail) that occurs frequently at residences so as to be an expected adjunct to a homeowner’s activities.
However, the real focus is not on the injured party’s activities, but on the activities of the insured. The exception applies to the activities of the "Covered Person”. Were those activities normally connected to a nonbusiness use? This analysis leads us to where we began, with Velleman’s business activities.
It is alleged that for the construction at his premises, Velleman placed a sign directing commercial deliverers along a particular path (allegedly slippery) to the location of his business. Such activities in the context of a commercial delivery cannot be considered ordinarily incident to nonbusiness pursuits. It is further clear that the regular and frequent UPS deliveries/pickups are not usual activities ordinarily occurring at a residence. The exception attempts to cover those activities which are related to a business pursuit of an insured yet are so commonly associated with nonbusiness activities that they are expected by the parties to be covered. In the instant case, it is unlikely the parties expected to cover the increased risks associated with the various business visitors to the property under the policy.
Consequently, Velleman’s alleged conduct placing a sign directing the path of commercial deliveries around the home construction and to his business, in the context of an alleged commercial delivery, cannot be considered ordinarily incident to nonbusiness pursuits. The incident arising from this particular delivery by Robert Mix, related to and in furtherance of the business located on the premises, is not excepted from the "business pursuits” exclusion.
CONCLUSION
The plaintiff Paul Velleman’s motion for summary judgment is denied based on the court’s finding that he is not entitled to have Continental Insurance Company, Inc. defend or indemnify him in Mix v Velleman (supra) because the claim falls within the "business pursuits” exclusion of the policy.
The motion for summary judgment of the defendant Continental Insurance Company, Inc. is granted declaring that the *100 defendant has no obligation under the policy to defend and indemnify Paul Velleman in Mix v Velleman (supra).
In view of the above, the motion for a protective order and the motion for an order to compel the production of the plaintiffs tax records are denied.

. Mix v Velleman, Sup Ct, Tompkins County, index No. 93-279.

. Chenango Mutual Insurance Company is defending the corporate defendants in Mix v Velleman (supra).