■ ALLSTATE INSURANCE COMPANY, Appellant, v DOMINICO DIBARTOLO et al., Respondents, et al., Defendants. [618 NYS2d 828]

—In a declaratory judgment action, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robbins, J.), entered October 28, 1993, which denied its motion for summary judgment and declared that it had a duty to defend Dominico DiBartolo on counterclaims in an action entitled *DiBartolo v Labrada,* pending in the Supreme Court, Queens County.

Ordered that the order is affirmed, with costs.

Allstate Insurance Company (hereinafter Allstate) issued a homeowner's insurance policy to Dominico DiBartolo. During the term of this policy DiBartolo was allegedly assaulted in a parking lot by Jorge Labrada. DiBartolo commenced a personal injury action against Labrada, and Labrada counterclaimed alleging unlawful imprisonment, harassment, and menacing. DiBartolo notified Allstate of the counterclaims and demanded defense and indemnification pursuant to the terms of the insurance policy. Allstate subsequently informed DiBartolo that it had no obligation to provide a defense or indemnification in this action. In the interim, Labrada was convicted in a criminal court of assaulting DiBartolo while no criminal charges were brought against DiBartolo in connection with the incident. Allstate then commenced this action seeking a judicial declaration that there was no coverage in this situation because the policy did not cover the intentional acts alleged in the counterclaims. The Supreme Court denied Allstate's motion for summary judgment and declared that Allstate had a duty to defend DiBartolo on the counterclaims.

Allstate's policy excluded coverage for the "intentional or criminal acts of an insured person if the loss that occurs: (a) may be reasonably expected to result from such acts; or (b) is in fact the intended result of such acts". It is well settled law that "if the insurer is to be relieved of a duty to defend, it must demonstrate that the allegations of the underlying complaint place that pleading solely and entirely within exclusions of the policy and that the allegations are subject to no other interpretation" *(Baron v Home Ins. Co.,* 112 AD2d 391, 392; *Dayton Beach Park No. 1 Corp. v National Union Fire Ins. Co.,* 175 AD2d 854, 856). Allstate has failed to meet this burden. Accordingly, the court properly denied Allstate's motion for summary judgment. Sullivan, J. P., Rosenblatt, Altman, Hart and Friedmann, JJ., concur.