■ ANATOLIO PISTOLESI et al., Individually and Doing Business as CASABLANCA RESTAURANT, Appellants-Respondents, v NORTH COUNTRY INSURANCE COMPANY, Respondent-Appellant. (Appeal No. 1.) [621 NYS2d 965] —Judgment unanimously affirmed without costs. Same Memorandum as in Pistolesi v North Country Ins. Co. (210 AD2d 961 [decided herewith]). (Appeals from Judgment of Supreme Court, Jefferson County, Gilbert, J.—Declaratory Judgment.) Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.

■ ANATOLIO PISTOLESI et al., Individually and Doing Business as CASABLANCA RESTAURANT, Appellants-Respondents, v NORTH COUNTRY INSURANCE COMPANY, Respondent-Appellant. (Appeal No. 2.) [622 NYS2d 172] —Order unanimously reversed on the law without costs and judgment granted in accordance with the following Memorandum: Plaintiffs, owners of the Casablanca Restaurant in the Village of Gouverneur, were sued for an alleged battery and rape committed by five men at that restaurant. At the time of the incident, plaintiffs were

insured under a multi-peril policy issued by defendant. Defendant disclaimed coverage for all causes of action alleged against plaintiffs in the underlying action with the exception of a part of the second cause of action. Plaintiffs commenced this action seeking judgment declaring that defendant is obligated to defend and indemnify them. Plaintiffs moved for partial summary judgment and defendant cross-moved for partial summary judgment and for dismissal of part of the complaint.

In its judgment entered January 11, 1994, Supreme Court properly denied defendant's cross motion seeking dismissal of plaintiffs' cause of action for indemnification with respect to the second and fifth causes of action in the underlying complaint. Determination of defendant's duty to indemnify plaintiffs under those causes of action must await the outcome of the underlying action (see, *Public Serv. Mut. Ins. Co. v Goldfarb*, 53 NY2d 392, 401; *Evans v Royal Ins. Co.*, 192 AD2d 1105).

The court also properly declared that plaintiffs are entitled to retain independent counsel to defend them in the underlying action (see, *Public Serv. Mut. Ins. Co. v Goldfarb, supra*) and that the reasonable costs of such defense, both past and future, are to be borne by defendant (see, *Hanover Ins. Co. v Cowan*, 172 AD2d 490, 492; *AFA Protective Sys. v Atlantic Mut. Ins. Co.*, 157 AD2d 683, 686). We reject defendant's contention that plaintiffs are not entitled to costs incurred prior to January 1994 in the defense of the underlying action (see, *Hanover Ins. Co. v Cowan, supra; AFA Protective Sys. v Atlantic Mut. Ins. Co., supra*, at 686).

A dispute arose concerning the time for payment of plaintiffs' attorneys' fees and plaintiffs moved for reargument. The court granted reargument and declared that the proposed hourly fee of plaintiffs' attorneys is fair and reasonable. That was error. The reasonableness of the proposed counsel fees should not have been determined upon reargument because that issue involves new proof (see, *Taub v Colonial Coated Textile Corp.*, 54 AD2d 660; Siegel, Practice Commentaries, McKinney's Cons Law of NY, Book 7B, CPLR C2221:7, at 182) and a prayer for relief that was not part of the original motion (see, 2 Carmody-Wait 2d, NY Prac § 8:78, at 408). Similarly, if plaintiffs' motion is construed as one for resettlement of the judgment (see, *Gormel v Prudential Ins. Co.*, 167 AD2d 829; *Ross v Ross*, 140 AD2d 683, 683-684), the reasonableness of counsel's proposed hourly fee may not properly be

determined because that issue was not litigated in the original declaratory judgment action *(see, Gormel v Prudential Ins. Co., supra).*

The court also erred in declaring, upon reargument, that defendant is "not currently responsible for payment of [plaintiffs'] legal fee." Plaintiffs concede that they are not entitled to fees incurred in the prosecution of the declaratory judgment action *(see, Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12) and seek fees incurred only in the defense of the underlying action. We grant judgment in favor of plaintiffs declaring that plaintiffs are presently entitled to reimbursement for fees thus far expended for their defense and to payment of future counsel fees as they are incurred *(see, AFA Protective Sys. v Atlantic Mut. Ins. Co., supra,* at 686). (Appeals from Order of Supreme Court, Jefferson County, Gilbert, J.—Counsel Fees.) Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.