■ PATRICIA LUCAS, Plaintiff, v ALENA HOMOLAC et al., Defendants, and WILLIAM TELESCA, Defendant, and Third-Party Plaintiff-Respondent. ALLSTATE INSURANCE COMPANY, Third-Party Defendant-Appellant. [669 NYS2d 250] —In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Westchester County (Rosato, J.), entered March 20, 1997, which denied its motion, inter alia, for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

It is well settled that an insurance carrier's duty to defend is broader than its duty to indemnify (Seaboard Sur. Co. v Gil-

*lette Co.,* 64 NY2d 304, 310). The Supreme Court properly held that the allegations of the complaint in the underlying negligence action were not cast "solely and entirely within the policy exclusions" (*International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 325). Thus, the carrier failed to meet its burden of establishing that the relevant exclusion absolved it of the duty to defend the third-party plaintiff in the underlying negligence action (*see, Allstate Ins. Co. v Noorhassan,* 158 AD2d 638).

Further, the issue of the reasonableness of the third-party plaintiff's delay in giving notice of the incident to the carrier is a question of fact for the jury (*see, Argentina v Otsego Mut. Fire Ins. Co.,* 207 AD2d 816, *affd* 86 NY2d 748).

Accordingly, the carrier's motion for summary judgment was properly denied. Mangano, P. J., Joy, Altman and Luciano, JJ., concur.