■ ALLSTATE INSURANCE COMPANY, Appellant, v BRENDAN HEREGHTY et al., Respondents. [681 NYS2d 610] —In an action for a judgment declaring that the plaintiff is not required to defend or indemnify the defendant Saverio Barbera in an underlying personal injury action, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Seidel, J.), dated January 23, 1998, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

"It is well settled law that 'if the insurer is to be relieved of a duty to defend, it must demonstrate that the allegations of the underlying complaint place that pleading solely and entirely within exclusions of the policy and that the allegations are subject to no other interpretation' " (*Allstate Ins. Co. v DiBartolo,* 209 AD2d 463, 464, quoting *Baron v Home Ins. Co.,* 112 AD2d 391, 392; *see also, Allstate Ins. Co. v Mugavero,* 79 NY2d 153, 159; *Gottlieb v New York Cent. Mut. Fire Ins. Co.,* 235 AD2d 394; *Altamore v Aetna Cas. & Sur. Co.,* 238 AD2d 455, 456). In the present case, the plaintiff Allstate Insurance Company (hereinafter Allstate) failed to meet this burden since it failed to submit a copy of the underlying complaint to the Supreme Court. Accordingly, the court properly denied Allstate's motion for summary judgment with regard to its obligation to defend the defendant Saverio Barbera. Rosenblatt, J. P., O'Brien, Sullivan and Krausman, JJ., concur.