■ THOMAS C. LAMB, JR., et al., Respondents, v SECURITY MUTUAL INSURANCE COMPANY, Appellant, et al., Defendants. [719 NYS2d 409] —Judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Plaintiffs commenced this action seeking a declaration that defendant Security Mutual Insurance Company (Security Mutual) is obligated to defend and indemnify them in the underlying action. Plaintiff Colleen Lamb was an "additional insured" under the homeowner's policy issued by Security Mutual to her parents, plaintiffs Thomas C. Lamb, Jr. and Susan J. Lamb. Colleen was babysitting for the 2-year-old daughter of the plaintiff in the underlying action when the child was bitten by plaintiffs' dog. Security Mutual disclaimed coverage based upon an exclusion in its policy for business activities.

Supreme Court erred in granting in its entirety plaintiffs' motion for summary judgment seeking a declaration that Security Mutual has a duty to defend and indemnify plaintiffs in the underlying action. Rather, the court should have denied the motion to the extent that plaintiffs seek indemnification

from Security Mutual under that part of the fourth cause of action alleging Colleen's negligent supervision of the child. We agree with Security Mutual that Colleen's full-time babysitting was a "business" activity that falls squarely within the business exclusion in its policy. The policy defines business as a "trade, profession, or other occupation." Colleen, who was then 21 years old, "regularly engaged in [babysitting] with a view toward earning a livelihood or making a profit" (*Stewart v Dryden Mut. Ins. Co.*, 156 AD2d 951, 951-952), i.e., she provided full-time babysitting services, five days per week, 10 hours per day, for compensation. Thus, babysitting is her "business" as defined by the policy.

We conclude, however, that the exception to the business exclusion for activities that "are ordinarily *non-business* in nature" applies to the remainder of the underlying complaint. Thus, Security Mutual has a duty to indemnify plaintiffs with respect to the remainder of the underlying complaint and must defend plaintiffs in the underlying action. "The duty of a liability insurer to defend an action brought against an insured is determined by the allegations in the complaint [citation omitted]. If the facts alleged raise a reasonable possibility that the insured may be held liable for some act or omission covered by the policy, then the insurer must defend" (*Meyers & Sons Corp. v Zurich Am. Ins. Group*, 74 NY2d 298, 302). Here, the remainder of the complaint in the underlying action alleges that plaintiffs are strictly liable for the actions of the dog and that they failed to supervise the dog properly. The actions of the dog and plaintiffs' alleged failure to supervise the dog properly were not incident to Colleen's business pursuit, i.e., the care of the child (*see, Tenkate v Moore*, 274 AD2d 934, 937; *Gallo v Grosvenor*, 175 AD2d 454, 456; *see also, Allstate Ins. Co. v Noorhassan*, 158 AD2d 638, 640-641). Thus, although Security Mutual has no duty to indemnify plaintiffs with respect to that part of the fourth cause of action alleging Colleen's negligent supervision of the child, it nevertheless must defend plaintiffs with respect to the entire complaint (*cf., Allstate Ins. Co. v Noorhassan, supra*, at 640-641).

Finally, we note that a potential conflict of interest exists between Security Mutual and plaintiffs. Thus, plaintiffs may select their own attorney and Security Mutual is liable for the reasonable value of the services of that attorney (*see, Allstate Ins. Co. v Noorhassan, supra*, at 641).

We therefore modify the judgment by denying plaintiffs' motion in part, granting Security Mutual's cross motion in part and providing that Security Mutual has no duty to indemnify

plaintiffs if they are found liable under that part of the fourth cause of action in the underlying complaint alleging Colleen's negligent supervision of the child and providing that plaintiffs may select their own attorney and granting judgment in favor of plaintiffs declaring that Security Mutual is liable for the reasonable value of the services of that attorney. (Appeal from Judgment of Supreme Court, Erie County, Fahey, J.—Declaratory Judgment.) Present—Hayes, J. P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.