Edward A. BOWMAN and Terri
L. Bowman, Plaintiffs–
Appellants,

v.

ALLSTATE INSURANCE COMPANY,
Bo–Ty, Inc. and Aaron Brotzman,
Defendants–Appellees.

No. 00–7218.

United States Court of Appeals,
Second Circuit.

Argued Feb. 1, 2001.

Decided Feb. 05, 2001.

David B. Keeffe, DeSisti & Keeffe, Sayre, PA, for Plaintiffs–Appellants.

John H. Hanrahan III, Williamson, Clune & Stevens, Ithaca, NY, for Defendant–Appellee Allstate Ins. Co.

Before STRAUB, POOLER, and SACK, Circuit Judges.

PER CURIAM:

Plaintiffs–Appellants Edward A. Bowman and Terri L. Bowman (collectively "Bowmans") appeal from an order of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *then-Chief Judge* ), granting summary judgment for defendant-appellee Allstate Insurance Company ("Allstate") and dismissing their case against Allstate in its entirety. The District Court held that Allstate did not owe a duty to defend or indemnify the Bowmans under a homeowner's insurance policy because the injury giving rise to the Bowmans' claim under the policy arose out of the Bowmans' business activities.

For the reasons given below, we conclude that the construction of a structure to be used in an insured's business falls under the "business activities" exclusion in a homeowner's insurance policy. Accordingly, the District Court did not err in granting summary judgment in favor of Allstate.

Affirmed.

## BACKGROUND

The Bowmans own property in Barton, New York, on which are situated their home and a separate apartment building. Terri Bowman used part of the property in conducting her business, Gentle Creek Horse Farm. The business, which generated income for Terri Bowman, provided horse riding lessons, horse boarding services, and horse breeding services. The Bowmans' property was covered by a homeowners' insurance policy issued by Allstate. The policy specifically excluded coverage for "bodily injury or property damage arising out of the past or present business activities of an insured person."

In 1995, the Bowmans initiated construction of a horse barn and riding arena on their property for use in Terri Bowman's Gentle Creek Horse Farm business. In October 1995, Aaron Brotzman ("Brotzman") was injured while working on construction of the barn. He subsequently brought a personal injury action against the Bowmans. The Bowmans gave notice of the claim to Allstate, but Allstate denied coverage based, among other reasons, on the "business activities" exclusion contained in the Bowmans' policy. The Bowmans thus brought this action seeking a judgment declaring that Allstate owes a duty to defend and indemnify under the policy. Allstate moved for summary judgment. The District Court granted Allstate's motion on February 24, 2000, holding that Gentle Creek Horse Farm constitutes a "business" under the policy and that Brotzman's injury arose

out of that business's activities.[1] This timely appeal followed.

## DISCUSSION

"We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir.1998) (citations omitted). "We will affirm a district court's decision to grant summary judgment if the record indicates that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed.R.Civ.P. 56(c)). "Under New York law, an insurance contract is interpreted to give effect to the intent of the parties as expressed in the clear language of the contract. [T]he initial interpretation of a contract is a matter of law for the court to decide." *Morgan Stanley Group Inc. v. New England Ins. Co.*, 225 F.3d 270, 275 (2d Cir.2000) (internal quotations marks and citations omitted).

The Bowmans concede that Gentle Creek Horse Farm qualifies as a "business" under the insurance policy, as it exhibits both "continuity" and "profit motive." *Home Ins. Co. v. Aurigemma*, 45 Misc.2d 875, 879, 257 N.Y.S.2d 980, 985 (Sup.Ct.1965). They contend, however, that Brotzman's injury did not "aris[e] out of" the farm's business activities, because Brotzman's injury did not result from the services provided by the business, namely, horse riding lessons, horse boarding, and horse breeding. Rather, the Bowmans argue, the injury resulted from the construction, on property covered by their homeowners' policy, of a structure that just happened to be intended for future use in Terri Bowman's business.

We are not persuaded by the Bowmans' argument. The Bowmans acknowledge that the barn was ultimately to be used as part of Terri Bowman's business. The fact that Brotzman's injury did not result directly from the services provided by the horse farm does not mean that it did not result from the business's activities. "[A]n insured is engaging in a business pursuit when his activities are 'incidental to his employment.'" *Salimbene v. Merchants Mut. Ins. Co.*, 217 A.D.2d 991, 993, 629 N.Y.S.2d 913, 915 (4th Dep't 1995); *see also Velleman v. Continental Ins. Co.*, 162 Misc.2d 95, 98, 616 N.Y.S.2d 146, 148 (Sup. Ct.1994) ("The question is not ... why [the injured party] fell, but why he was at the premises."). It is clear that but for the business activities of Terri Bowman, Aaron Brotzman would not have been engaging in the construction work that led to his injury. *See Outwater v. Ballister*, 253 A.D.2d 902, 905, 678 N.Y.S.2d 396, 399 (3d Dep't 1998) ("[I]f the injury was caused by an act that would not have occurred but for the business pursuits of the insured, said act is beyond the scope of the policy."); *Thoele v. Aetna Cas. & Sur.*, 39 F.3d 724, 728 (7th Cir.1994) (same); *see also* 9 LEE R. RUSS, THOMAS F. SEGALLA, COUCH ON INSURANCE 3D § 128:14 (1997) ("In analyzing whether any specific activity was business-related, a key question is could the injury have been sustained even if the business was not involved?"). Allstate specifically excluded such business activities from the protection it was providing the Bowmans. *Cf. Kennedy v. Lumbermans Mut. Cas. Co.*, 152 Misc.2d 491, 492, 577 N.Y.S.2d 353, 354 (Sup.Ct.1991) ("[T]he policy is a homeowner's policy and intends to cover only the home and domestic related activities. This is not a 'business' policy, and the carrier wishes to

---

1. The District Court separately dismissed the Bowmans' complaint against Bo–Ty, Inc. after the Bowmans failed to respond to Bo–Ty's motion for summary judgment. Likewise, the court dismissed the Bowmans' complaint against Brotzman after the Bowmans failed to

file a written statement setting forth good cause why their action against Brotzman should not be dismissed for failure to effect service of the summons and complaint upon him. Neither dismissal is before us.

make sure that it is not forced to cover business activities. The policyholder has, of course, not paid for business coverage."). Accordingly, the business activities exclusion applies and Allstate owes no duty to defend or indemnify the Bowmans.

## CONCLUSION

For the foregoing reasons, we affirm the grant of Allstate's motion for summary judgment.