**Fred AUSTIN, Plaintiff–Appellant,**

v.

**NORTHROP GRUMMAN CORPORATION, Defendants–Appellees.**

Docket No. 01–7520.

United States Court of Appeals, Second Circuit.

June 5, 2002.

Warren S. Hecht, Forest Hills, NY, for Appellant.

christopher A. Parlo, Morgan, Lewis & Bockius LLP, New York, NY, for Appellees.

Present WALKER, Chief Judge, WINTER and CALABRESI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

The plaintiff was laid off by defendant in July 1996 as part of a reduction in force. He alleges that his employment was terminated because of his race or national origin and in retaliation for his filing a complaint with the Equal Employment Opportunity Commission. In addition, he alleges that the defendant discriminated against him during his employment by paying him a lower salary. He brought claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* The district court granted the defendant's motion for summary judgment on all claims.

The plaintiff was employed as a Senior Computer Graphics Illustrator from 1988, when he was promoted, until his termination in July 1996. Starting in 1989, the plaintiff was ranked in the bottom 25–33% of his peers. During the six months immediately preceeding plaintiff's termination, several rankings of his department were compiled. Although rankings fluctuated somewhat, in each ranking plaintiff was ranked within the bottom four of the sixteen illustrators in his department, and ninth out of nine at his skill level. The defendant laid off the four illustrators ranked lowest in the last ranking assembled. Under the company's policy, the first employees laid off are those who cannot do the remaining work, followed by "comparative selection" based on a specially prepared "final rank order list," with ties broken by seniority. In March 1996, the plaintiff filed a complaint with the E.E.O.C.; however, he provided no evidence to indicate either that the defendant's management was ever aware of the complaint or that the complaint played a role in the decision to terminate him. He also provided evidence that he was the lowest paid Senior Computer Graphics Illustrator, but he provided no other information about salary history.

We review grants of summary judgment de novo. *Bowman v. Allstate Ins. Co.,* 238

F.3d 468, 470 (2d Cir.2001) (per curiam). The plaintiff has provided insufficient evidence to show that there is any "genuine issue as to any material fact." Fed. R.Civ.P. 56(c). The plaintiff has shown nothing to create an inference of discrimination. *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712 (2d Cir.1994).

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**