■ NATIONWIDE INSULATION & SALES, INC., Respondent, v NOVA CASUALTY COMPANY, Appellant. [905 NYS2d 234]—In an ac-

tion to recover damages for breach of contract and for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying action entitled *Panasuk v Viola Park Realty, LLC,* commenced in the Supreme Court, Rockland County, under index No. 2797/04, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Berliner, J.), entered September 15, 2009, as denied that branch of its motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was to dismiss the plaintiff's demand for punitive damages, and substituting therefor a provision granting that branch of the defendant's motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

"On a motion to dismiss pursuant to CPLR 3211 (a) (7), the pleading is to be afforded a liberal construction" (*Scoyni v Chabowski,* 72 AD3d 792, 793 [2010]; *see* CPLR 3026; *Uzzle v Nunzie Ct. Homeowners Assn., Inc.,* 70 AD3d 928, 929-930 [2010]; *Nelson v Roth,* 69 AD3d 912, 913 [2010]). "The court must accept the facts as alleged in the complaint as true, accord the plaintiffs the benefit of every possible favorable inference, and determine whether the facts as alleged fit within any cognizable legal theory" (*Tom Winter Assoc., Inc. v Sawyer,* 72 AD3d 803, 804 [2010]; *see Rovello v Orofino Realty Co.,* 40 NY2d 633, 634 [1976]; *Scoyni v Chabowski,* 72 AD3d at 792; *Moore v Liberty Power Corp., LLC,* 72 AD3d 660 [2010]).

An insurer's duty to defend is broader than its duty to indemnify (*see Automobile Ins. Co. of Hartford v Cook,* 7 NY3d 131, 137 [2006]; *Global Constr. Co., LLC v Essex Ins. Co.,* 52 AD3d 655, 655-656 [2008]; *Lucas v Homolac,* 247 AD2d 591, 591-592 [1998]; *Hanover Ins. Co. v Cowan,* 172 AD2d 490, 491 [1991]). "If the allegations of the complaint are even potentially within the language of the insurance policy, there is a duty to defend" (*Town of Massena v Healthcare Underwriters Mut. Ins. Co.,* 98 NY2d 435, 443 [2002]; *see Automobile Ins. Co. of Hartford v Cook,* 7 NY3d at 137; *Ruder & Finn v Seaboard Sur. Co.,* 52 NY2d 663, 670 [1981]).

Affording the complaint a liberal construction, and according the plaintiff every favorable inference, the plaintiff has set forth causes of action to recover damages for breach of contract and for a judgment declaring that the defendant was obligated to defend and indemnify the plaintiff in the underlying action. Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were to dismiss those causes of action.

However, even when construed liberally, the plaintiff's complaint failed to allege a tort independent of the defendant's breach of its contractual obligations. Because punitive damages are not recoverable for an ordinary breach of contract, the plaintiff's demand for punitive damages for the defendant's denial of coverage must be dismissed (*see Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613 [1994]; *Reads Co., LLC v Katz*, 72 AD3d 1054 [2010]; *99 Cents Concepts, Inc. v Queens Broadway, LLC*, 70 AD3d 656, 659 [2010]; *Tartaro v Allstate Indem. Co.*, 56 AD3d 758 [2008]).

The defendant's remaining contentions are not properly before this Court as they were raised for the first time in its reply brief (*see Levinsky v Mugermin*, 52 AD3d 477 [2008]). Rivera, J.P., Covello, Balkin and Hall, JJ., concur.