Memorandum. The order of the Appellate Division should be affirmed, without costs.
Alexander Shapiro, president and stockholder of a plumbing supply business, became, for investment purposes, a limited *206 partner in a real estate syndicate. Suit was brought against him by the two general partners alleging a cause of action in slander. The complaint in that action set forth allegations that Shapiro maliciously spoke of the plaintiffs to one or more of the limited partners in false and defamatory words, asserting that the plaintiffs were "phoneying and doctoring the books and records of the Irving Place Realty Co., that they were Aim flamming, cheating and stealing from the investors of the partnership” and, that the words so spoken were false and defamatory, were known to said defendant to be false and defamatory and were spoken willfully and maliciously with intent to injure and damage the plaintiffs and their good name, reputation and credit. „
Shapiro’s insurer, Glens Falls Insurance Company, was called upon to defend, but refused, asserting that the personal excess liability policy it issued did not apply to claims arising out of business pursuits. Shapiro then commenced this action seeking, inter alia, a declaration of the insurer’s obligation to defend and to pay any judgment arising out of the slander action. In its answer the insurer asserted that the complaint failed to state a cause of action, repeated its "business pursuits” defense and, in addition, alleged that the policy’s amendatory endorsement eliminated coverage for personal injury caused "intentionally by or at the direction of the Insured.”
While the "business pursuits” exclusion is not applicable and thus could not serve to defeat appellant’s claim, said claim must fail under the intentional torts exclusion. Although the cover page of the policy indicates in its General Summary of Coverage that "[s]uch perils as libel, slander, personal injury and contractual liability are included”, it is also there stated that the summary "is not your contract, and it does not grant coverage. These benefits are subject to conditions and exclusions which are clearly stated in the contract.”
Section 2.2 of the policy provides that respondent "will indemnify the Insured * * * for all sums which the Insured shall become legally obligated to pay as damages, because of personal injury * * * caused by such an occurrence”. In its definitional section "occurrence” is stated to mean "an accident, including injurious exposure to conditions, which results, during the policy period, in personal injury * * * neither *207 expected nor intended from the standpoint of the Insured.” Although "personal injury” is defined to include "libel, slander, defamation of character or reputation, invasion of rights or privacy, humiliation or mental anguish”, an endorsement to the policy specifically provides that with respect to the definition of "personal injury”, "such insurance as is afforded by the policy does not apply * * * to any personal injury * * * caused intentionally by or at the direction of the Insured.”
Since appellant seeks coverage for an action in which it was alleged that he spoke falsely, willfully and maliciously with intent to injure, the exclusionary endorsement applies and respondent owes no duty to defend therein or to pay a judgment arising therefrom.