Per Curiam.

Judgment entered February 23, 1976, after nonjury trial, (Okin, J.) in favor of plaintiff in the sum of $4,128.06, upon an award of $3,694.45, with interest and costs, affirmed with $25 costs.
Plaintiff, an attorney, purchased a "Personal Catastrophe Policy” after receiving an advertising brochure from his insurance broker, published by defendant insurer. The brochure represented that the policy would provide broad, "umbrella” coverage in areas "not covered at all by your present basic policies, including: libel, slander and false arrest * * * In these and many other areas, your Personal Catastrophe Plan moves in as your only primary coverage * * * covers legal defense and settlement costs from the first dollar if not provided by basic insurance. Like having an attorney on retainer — free of any additional charge”.
When plaintiff was served with a summons and complaint in a slander action, he called upon defendant to defend the lawsuit. The insurance company disclaimed on the ground that coverage was excluded under the policy.
The policy undertook to defend and indemnify the insured for amounts he "shall become legally obligated to pay as damages because of personal injury or property damage.” "Personal injury” is defined in the policy to include "libel, slander, defamation of character or invasion of rights of privacy”. However, an exclusionary clause provides that the policy shall not apply "to any act committed by or at the *84 direction of the insured with intent to cause personal injury or property damage”. This action, brought on the policy itself and also on the ground of misrepresentation, is to recover the amounts personally expended by plaintiff after the disclaimer in the defense and settlement of the slander suit.
The trial court held that the exclusionary clause was ambiguous, should be construed most strongly against the insurer, and, in light of the brochure, was inapplicable to plaintiff’s claims under the policy.
Since the decision of the court below, the Court of Appeals, in considering a similar policy, containing an almost identical exclusion, held that that policy did not afford coverage for the insured for a slander action in which it was alleged that the claimant spoke falsely or willfully with intent to injure (Shapiro v Glens Falls Ins. Co., 39 NY2d 204).
This court is constrained to follow the majority opinion in Shapiro and in the absence of the brochure, would accordingly hold that under the terms of the policy under review, defendant would not have been obligated to defend the slander action brought against plaintiff or to pay the amount paid by plaintiff in settlement.
There remains, however, plaintiff’s cause of action based upon defendant’s brochure. Where brochures, or other advertising matter given out by an insurer, are relied upon by a prospective insured, the developing rule, adopted by the appellate courts of other jurisdictions, is to consider the representations in the brochure as part of the insurance contract, binding upon the insurer (13A Appleman, Insurance Law and Practice, 7534; Craver v Union Fid. Life Ins. Co., 37 Ohio App 2d 100; Barth v State Farm Fire and Cas. Co., 214 Pa Super 434; Aker v Sabatier, 200 S2d 94 [La]).
The pamphlet published by defendant in this case affirmatively represents, without cautionary reference to exclusions or caveat that the actual terms of the policy are materially variant, that the insurance policy affords basic coverage for libel and slander claims lodged against the insured. The natural response to the brochure of a prospective policy holder, lawyer or nonlawyer, would be to expect that the policy would embody the coverage described in the brochure. When reading this brochure and applying for the policy, plaintiff could reasonably have expected to be covered for claims for libel and slander, the very items which the insurer thereafter excluded in the policy by ambiguous words (see *85 Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co., 34 NY2d 356, 361).
There appears to be no dispute but that plaintiff ordered the policy on the basis of the brochure; and the evidence sustains a finding that he relied on the representations therein contained. In our judgment these representations were material, and plaintiff has been damaged by their falsity. This being so, plaintiff is entitled to recover these damages. The same result is indicated by consideration of the principles of equitable estoppel (see Rosenthal v Reliance Ins. Co., 25 AD2d 860, affd 19 NY2d 712; Costa v Pratt, 98 NYS2d 148, 150, affd 277 App Div 806).
Concur: Dudley, P. J., Hughes and Tierney, JJ.