■ JOEL J. COOPER, Appellant, v UNITED STATES FIDELITY & GUARANTY CO., Respondent. — In a declaratory judgment action, plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Roncallo, J.), entered January 24, 1980, which declared (1) that defendant's denial of coverage under an insurance policy issued to plaintiff was valid, and (2) that defendant was not obligated to defend and/or indemnify plaintiff in a libel suit that had been commenced against him. Order and judgment reversed, on the law, with $50 costs and disbursements, and judgment is granted in favor of plaintiff, declaring that, by the terms of the subject policy of insurance, defendant is obligated to defend and/or indemnify plaintiff in the libel suit commenced against him. Under a personal excess indemnity policy, defendant insurance company denied coverage to plaintiff, a medical doctor, regarding a lawsuit by an attorney who had alleged that the doctor had written certain libelous letters about him. The same attorney had represented one of the doctor's patients in a dispute over the collection of a bill for professional services. During settlement negotiations concerning the collection dispute, the attorney alluded to the possibility of commencing a medical malpractice action against the doctor. Apparently, it was this threatening suggestion that caused the doctor to write the allegedly libelous letters, complaining about the "blackmail" of physicians by unscrupulous lawyers threatening unfounded malpractice suits. Special Term found that the letters, which were written on the stationery of the doctor's professional corporation, were not personal letters, but of a business nature. The court, therefore, concluded that the

defendant insurance company was not obligated to defend and/or indemnify plaintiff doctor in the libel action, since the insurance policy only covered personal liability for any injury arising out of libel, and specifically excluded liability due to any business pursuits. We disagree. Plaintiff's letter writing was not of a type regularly engaged in as part of the practice of medicine, nor was it a means of producing business profits. (See *Shapiro v Glens Falls Ins. Co.,* 47 AD2d 856, affd on other grounds 39 NY2d 204.) On the facts of this case, we hold that, while plaintiff's letters expressed views concerning his profession and certain problems affecting it, these were strictly personal opinions advanced by plaintiff in his individual capacity. Damiani, J.P., Mangano, Rabin and Gulotta, JJ., concur.