■ Robert D. Brandstetter, Appellant, v USAA Casualty Insurance Company et al., Respondents.—In an action, *inter alia,* for a judgment declaring that the defendants are obligated to defend and indemnify the plaintiff for any liability incurred in an action entitled *Kraus v Brandstetter,* pending in the Supreme Court, Westchester County, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Molloy, J.), entered March 29, 1989, which denied his motion for summary judgment, granted the defendants' cross motions for summary judgment, and, in effect, dismissed the complaint.

Ordered that the order and judgment is modified, on the law, by adding a provision that the defendants are not obligated to defend and indemnify the plaintiff for any liability incurred in an action entitled *Kraus v Brandstetter,* pending in the Supreme Court, Westchester County; as so modified, the

order and judgment is affirmed, with one bill of costs to the respondents.

The plaintiff commenced the instant action against the defendants USAA Casualty Insurance Company (hereinafter USAA) and Physicians' Reciprocal Insurers (hereinafter Physicians) seeking a declaration that they are obligated to defend and indemnify him in an underlying action, *inter alia,* to recover damages for libel and defamation. The conduct complained of in that action allegedly was done maliciously, wrongfully and with the willful intent to injure. USAA had issued two policies to the plaintiff, one a general liability homeowners' insurance policy and the other an umbrella policy. Physicians had also issued a professional liability policy to the plaintiff.

Both the plaintiff and the defendant USAA contend that Connecticut law applies to the construction of USAA's insurance policies. However they agree that New York law and Connecticut law do not present a conflict in construing insurance policies. Accordingly, in the absence of proof of contrary applicable foreign (Connecticut) law, the law of the forum (New York) will be applied *(see, Gangel v DeGroot,* 41 NY2d 840).

Both of the USAA's policies have exclusionary clauses which state that the policy does not insure liability arising from injury or damage that is expected or intended by the insured. Since the plaintiff seeks coverage from USAA for actions that are allegedly intentional, the exclusionary clauses apply as to both of USAA's policies, and USAA owes no duty to defend or indemnify the plaintiff in the underlying action *(see, Shapiro v Glens Falls Ins. Co.,* 39 NY2d 204; *Weinberg v Insurance Co.,* 88 Misc 2d 82).

On the other hand, Physicians's professional liability insurance policy contains no such exclusionary clause. Rather, Physicians, under section I, part 1, paragraph A of the policy, agreed to "defend every CLAIM against the INSURED". A "claim" is subsequently defined to include any "suit * * * that alleges DAMAGES to an injured party from an INCIDENT". An "incident" includes "any * * * act or omission to act or series of related * * * acts or omissions to act resulting" in damages. Applying the general principle that any ambiguities in the insurance policy are to be construed against the insurer *(see, Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.,* 60 NY2d 390), we come to the conclusion that the allegations of the lawsuit against the plaintiff fell within the coverage provisions of the Physicians's policy.

However, it is a well-settled rule that the Appellate Division, as a division of the Supreme Court *(see,* NY Const, art VI, §§ 4, 7), shares in that court's power to search the record when a motion for summary judgment is involved *(see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106; *Grimaldi v Pagan,* 135 AD2d 496; CPLR 3212). In this case, the insurance policy issued by the defendant Physicians contained an endorsement which expressly excluded from coverage claims or suits arising from services rendered in the course of the plaintiff's employment at the New Rochelle Hospital Medical Center. Contrary to the plaintiff's arguments in his motion papers, we find, as a matter of law, that the underlying lawsuit arose from services rendered by the plaintiff in the course of his employment at that facility and, therefore, falls within the express exclusion of the endorsement *(see, Jim, Jack, & Joe Realty Corp. v Rothenburg,* 78 AD2d 634; *see also, Gregoris Motors v Nissan Motor Corp.,* 80 AD2d 631, *affd* 54 NY2d 634). Accordingly, we conclude that Physicians is not obligated to provide a defense to the plaintiff, albeit for a reason different from that expressed by the Supreme Court *(see, Menorah Nursing Home v Zukov,* 153 AD2d 13).

We note that since this is a declaratory judgment action, the Supreme Court should have declared the rights of the parties in the order and judgment appealed from *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Mangano, P. J., Lawrence, Rubin and Balletta, JJ., concur.