■ ANDREW J. GOTTLIEB, Appellant, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent. [652 NYS2d 79] —In an action for a judgment declaring that the defendant has a duty to defend and indemnify the plaintiff in a tort action entitled Talcove v Buckeye Pipe Line Co. (Richmond County Index No. 11964/94), the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (O'Brien, J.), dated October 6, 1995, which denied his motion for partial summary judgment, and declared that the defendant is not obligated to defend or indemnify him.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff commenced the instant action against the defendant New York Central Mutual Fire Insurance Company (hereinafter New York Central) seeking a declaration that New York Central is obligated to defend and indemnify him in the underlying action to recover damages for, inter alia, defamation. The complaint alleged conduct on the part of the plaintiff which was intentional, malicious, and undertaken to cause injury to the other party. The policy issued by New York Central to the plaintiff specifically excludes from coverage injury that is expected or intended by the insured.

In determining whether an insurance carrier has a duty to

defend its insured, the issue is whether the allegations of the complaint in the underlying action fall within the scope of the risk covered by the policy (*see, Foley v Foley,* 158 AD2d 666, 667; *Muhlstock & Co. v American Home Assur. Co.,* 117 AD2d 117, 122). It is well settled that when the alleged facts of the underlying action cannot in any way be construed to come within the policy's coverage, the insurer, as a matter of law, has no duty to defend its insured (*see, Lionel Freedman, Inc. v Glens Falls Ins. Co.,* 27 NY2d 364; *Allstate Ins. Co. v Mende,* 176 AD2d 907, 908; *Brandstetter v USAA Cas. Ins. Co.,* 163 AD2d 349, 350; *Muhlstock & Co. v American Home Assur. Co., supra,* at 122). The underlying complaint here alleges intentional conduct on the part of the plaintiff, and therefore is not within the coverage provided by New York Central's policy. The court properly declared that New York Central has no duty to defend or indemnify the plaintiff.

The plaintiff's remaining contentions are without merit. Mangano, P. J., Bracken, Copertino and Pizzuto, JJ., concur.