■ DIANE WILLARD, Appellant-Respondent, v PREFERRED MUTUAL INSURANCE COMPANY, Respondent-Appellant. [662 NYS2d 342] —Order unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Supreme Court erred in denying the cross motion of defendant seeking a declaration that it was not required to defend and indemnify plaintiff in the underlying action. In July 1995 plaintiff was employed as a lieutenant with the Town of Hamburg Police Department and Michael Sauer was employed as a detective. On or about July 26, 1995, plaintiff, verbally and in a written police report, accused Michael Sauer of committing the crime of criminal mischief by slashing the tires on her automobile. On or about July 28, 1995, plaintiff, verbally and in a written police report, accused defendant of committing the crime of aggravated harassment by forwarding to her an anonymous letter through the United States mail. Sauer commenced a civil action asserting that plaintiff's accusations were false and defamatory. The complaint alleges causes of action for slander, libel, negligence and outrageous conduct. Plaintiff forwarded the complaint to defendant, her rental insurance carrier. Defendant disclaimed coverage on the ground that the policy excludes from coverage "an intentional act of an *insured*" and "activities related to the *business* of an *insured*." Plaintiff thereafter commenced this action, seeking a declaration that defendant must defend and partially indemnify her in the Sauer action. Plaintiff moved for partial summary judgment and defendant cross-moved for summary judgment. The court denied both the motion and cross motion with leave to renew. This appeal and cross appeal ensued.

We conclude that defendant met its burden of proving that the claim falls within the intentional act exclusion of the policy. In determining whether a policy exclusion applies, the facts alleged in the complaint, rather than the conclusory assertions found therein, are controlling (*see, Allstate Ins. Co. v Mugavero*, 79 NY2d 153, 162). The essential facts asserted in the Sauer complaint are that plaintiff defamed Sauer by falsely accusing him of criminal acts. That conduct falls within the intentional

act exclusion in the policy (*see, Shapiro v Glens Falls Ins. Co.*, 39 NY2d 204; *Brandstetter v USAA Cas. Ins. Co.*, 163 AD2d 349, 350, *lv dismissed and lv denied* 78 NY2d 1027; *Weinberg v Insurance Co.*, 88 Misc 2d 82, 83-84). Because no cause of action would exist "but for" the defamation, the conclusory assertion in the Sauer complaint that plaintiff was negligent is insufficient to obligate defendant to defend or indemnify plaintiff (*see, Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 350-352; *U.S. Underwriters Ins. Co. v Val-Blue Corp.*, 85 NY2d 821, 822-823).

In light of our decision, we do not reach defendant's remaining contention. We modify the order, therefore, by granting defendant's cross motion and granting judgment in favor of defendant, declaring that it has no obligation to defend or indemnify plaintiff in the underlying action. (Appeals from Order of Supreme Court, Erie County, Rath, Jr., J.—Declaratory Judgment.) Present—Pine, J. P., Lawton, Wisner, Callahan and Doerr, JJ.