■ JOHN DiIORIO, Appellant, v NATIONAL UNION FIRE INSURANCE COMPANY, Defendant, and GEICO et al., Respondents. [691 NYS2d 568] —In an action for a judgment declaring that the defendants have a duty to defend the plaintiff in an underlying personal injury action entitled *Antonelli v DiIorio*, pending in the Supreme Court, Queens County, under Index No. 4473/95, the plaintiff appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Schmidt, J.), dated March 25, 1998, as, in effect, denied that branch of his motion which was for summary judgment declaring that the defendants GEICO and Aetna Casualty and Surety Company have a duty to defend him in the underlying action with respect to the libel and slander causes of action, and declared that those defendants are not so obligated.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof declaring that GEICO has no obligation to defend the appellant and substituting therefor a provision declaring that GEICO is so obligated; as so modified, the order and judgment is affirmed insofar as appealed from, with costs payable by GEICO to the plaintiff.

The Supreme Court correctly declared that the defendant Aetna Casualty and Surety Company (hereinafter Aetna) has no obligation to defend or indemnify the plaintiff for the libel and slander claims asserted against him in the underlying action. The exclusion within the Aetna policy for acts or injuries expected or intended by the insured precludes any liability on the part of Aetna on those causes of action (*see, Hodgson v*

*United Servs. Auto Assn.,* 262 AD2d 359 [decided herewith]; *see also, Shapiro v Glens Falls Ins. Co.,* 39 NY2d 204; *Willard v Preferred Mut. Ins. Co.,* 242 AD2d 960; *Gottlieb v New York Cent. Mut. Fire Ins. Co.,* 235 AD2d 394; *Brandstetter v USAA Cas. Ins. Co.,* 163 AD2d 349). However, the foregoing rule of law does not apply to the defendant GEICO. Although its policy likewise contains an exclusion pursuant to which intentional injuries arising from claims of libel and slander would not be covered, the GEICO policy contains another provision pursuant to which the intentional act exclusion is expressly inapplicable to, *inter alia,* injury arising out of libel and slander. Since the GEICO policy expressly covers injury arising out of libel and slander, and the intentional act exclusion is expressly inapplicable thereto, GEICO is obligated to defend and potentially indemnify the plaintiff regarding the libel and slander claims in the sixth and seventh causes of action asserted against the plaintiff in the underlying action. S. Miller, J. P., Ritter, Altman and H. Miller, JJ., concur.