■ WALTER J. B. HODGSON, Appellant, v UNITED SERVICES AUTOMOBILE ASSOCIATION, Also Known as USAA, Respondent. [691 NYS2d 137] —In an action, *inter alia*, to recover damages due to the defendant's refusal to defend or indemnify the plaintiff in a defamation action entitled *Marti v Hodgson,* pending in the Supreme Court, Kings County, under Index No. 8574/96, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Scarpino, J.), entered December 23, 1997, which granted the defendant's motion to dismiss the complaint and denied his cross motion for summary judgment on his first cause of action for compensatory damages, and (2) a judgment of the same court, entered February 10, 1998, which, upon the order, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39

NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Contrary to the plaintiff's contentions, his insurer, the defendant United Services Automobile Association a/k/a USAA (hereinafter the USAA) justifiably declined to defend and indemnify him in the underlying action to recover damages against him for defamation. It is well settled that "[t]he duty to defend arises whenever the allegations in a complaint against the insured fall within the scope of the risks undertaken by the insurer, regardless of how false or groundless those allegations might be * * * [T]he duty of the insurer to defend the insured rests solely on whether the complaint alleges any facts or grounds which bring the action within the protection purchased" (*Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 310).

Here, the complaint in the underlying action alleged that the defamatory words were uttered maliciously and with the intent to injure the plaintiff in that action. Notwithstanding the language within the USAA umbrella policy that includes libel, slander, and defamation within the definition of "injury", both the umbrella policy and the plaintiff's general liability policy expressly exclude from coverage "injury or damage which is expected or intended by an insured". In a factually-similar case involving identical policy provisions, we held that the insurer was not obligated to provide a defense and indemnification (*see, Brandstetter v USAA Cas. Ins. Co.,* 163 AD2d 349). A review of the record on appeal in *Brandstetter (supra),* reveals that the instant matter is not distinguishable in any meaningful way. Accordingly, we conclude that the plaintiff was not entitled to defense and indemnification in the case at bar (*see, Shapiro v Glens Falls Ins. Co.,* 39 NY2d 204; *Willard v Preferred Mut. Ins. Co.,* 242 AD2d 960; *Gottlieb v New York Cent. Mut. Fire Ins. Co.,* 235 AD2d 394; *Brandstetter v USAA Cas. Ins. Co., supra*; *cf., Fitzpatrick v American Honda Motor Co.,* 78 NY2d 61). Thus, the court properly granted the motion for summary judgment dismissing the complaint (*see, Shapiro v Glens Falls Ins. Co., supra*; *Willard v Preferred Mut. Ins. Co., supra*; *Gottlieb v New York Cent. Mut. Fire Ins. Co., supra*; *Brandstetter v USAA Cas. Ins. Co., supra*).

The plaintiff's remaining contentions are without merit. S. Miller, J. P., Ritter, Goldstein and Luciano, JJ., concur.