■ LEGION INSURANCE COMPANY, Appellant-Respondent, v LOKENDRA K. SINGH, Defendant, and ERIC WADE, as Executor of DEBORAH WADE, Deceased, et al., Respondents-Appellants. [708 NYS2d 183] —Mercure, J. P. Cross appeals from an order of the Supreme Court (Lynch, J.), entered July 21, 1999 in Schenectady County, which, *inter alia*, partially denied a motion by plaintiff for summary judgment and denied a cross motion by defendants Eric Wade and Bruce Wade for summary judgment.

At all times relevant to this action, defendant Lokendra K.

Singh was a psychiatrist. From November 1988 to approximately March 1, 1990, Deborah Wade (hereinafter Wade) was under Singh's care for treatment of psychological disorders. In June 1990, Wade and her husband, defendant Bruce Wade, commenced an action against Singh (hereinafter the underlying action) seeking compensatory, punitive and derivative damages for Singh's claimed medical malpractice and intentionally tortious conduct in manipulating his psychotherapeutic relationship with Wade by causing her to fall in love and engage in a sexual relationship with him.

Plaintiff is Singh's medical malpractice insurance carrier. Under the policy issued to Singh, plaintiff was obligated to pay "all sums which [he] shall become liable to pay as damages arising out of acts, errors or omissions in psychiatric services". Basic coverage was furnished for, as relevant here, "payment of damages, including defense costs * * * for claims for injury arising out of * * * [p]sychiatric services that were or should have been rendered with respect to evaluating, diagnosing or treating a mental disorder." Among the express policy exclusions, however, was one providing that the policy shall not apply to "[a]ny damages based in whole or in part on a claim of undue familiarity."[1] In July 1990, Singh notified plaintiff of the underlying action. Plaintiff thereafter notified Singh that it would defend him but that his policy did not provide for payment of punitive damages or indemnity for "allegations of undue familiarity".

In February 1993, plaintiff commenced this action against Singh and the Wades[2] for judgment declaring that it was not required to indemnify Singh under his policy for damages arising from the allegations contained in the complaint in the underlying action. In their answer, the Wades asserted as an affirmative defense that plaintiff had not provided them with timely notice of its disclaimer. Following joinder of issue, plaintiff moved and the Wades cross-moved for summary judgment. Supreme Court granted plaintiff's motion only to the extent of determining that Insurance Law § 3420 had no application to the facts of the case and that plaintiff was therefore not estopped from disclaiming coverage by virtue of any late notice to the Wades. Determining that the broader issue of

---

**1.** The policy in turn defines "undue familiarity" as "any physical touching * * * of any person, or any other demonstrated intention or act for the purpose of sexual stimulation".

**2.** Deborah Wade died during the pendency of the action, and her executor has been substituted as a party in both the underlying action and this action. For the sake of convenience, we will continue our references to "the Wades" as if no substitution had been made.

indemnification must await the trial of the underlying action, however, Supreme Court denied the balance of plaintiff's motion and the Wades' cross motion. The parties cross-appeal.

Initially, we agree with Supreme Court's determination that Insurance Law § 3420 did not entitle the Wades to notice of plaintiff's disclaimer. By no reasonable interpretation could the underlying action be viewed as one for damages "for death or bodily injury arising out of * * * [an] accident occurring within this state" as provided in Insurance Law § 3420 (d). Surely, the acts of sexual intercourse that form the basis for the underlying action did not constitute an "accident" (see, Spinosa v Hartford Fire Ins. Co., 90 AD2d 574, 575; see also, Board of Educ. v Continental Ins. Co., 198 AD2d 816, 817).

We now turn to plaintiff's appeal. We do not necessarily disagree with the Wades' contention that Singh's malpractice based on his mishandling of the "transference phenomenon" by engaging in a sexual relationship with Wade could bring his conduct within the general coverage of the policy issued by plaintiff (see, e.g., St. Paul Fire & Mar. Ins. Co. v Love, 459 NW2d 698, 702 [Minn]). We conclude, however, that because all of the causes of action pleaded in the underlying action arise out of Singh's sexual conduct with Wade, they fall within the policy's "undue familiarity" exclusion which therefore relieves plaintiff of the obligation to indemnify Singh. Supreme Court thus erred in failing to grant plaintiff's summary judgment motion and make a declaration to that effect. We shall modify its order in that regard.

In support of their position that the "undue familiarity" exclusion does not necessarily bar indemnification in the underlying action, the Wades rely exclusively upon an unreported decision of Federal District Court in Legion Ins. Co. v Vemuri (1997 WL 757529 [US Dist Ct, ND Ill, Nov. 24, 1997, Ashman, J.]). There, the court determined that the word "claim" as used in the subject exclusion is ambiguous because it could mean either the entire underlying action or merely a discrete cause of action therein (id.). Thus, adopting the construction that was more favorable to the insured, the court concluded that only those causes of action making actual reference to conduct which on its face would constitute "undue familiarity" are affected by the exclusion (id.). Although we have no argument with District Court's interpretation of the word "claim", we strongly question its implicit holding that a cause of action clearly founded upon sexual conduct can be made to fall outside the exclusion by merely avoiding reference to sex.

In any event, unlike the claim at issue in *Legion Ins. Co. vVemuri* (*supra*), the Wades' first cause of action against Singh, alleging malpractice based on his mishandling of the "transference phenomenon", makes numerous references to conduct which on its face would constitute "undue familiarity". Therefore, the sole legal authority offered for the claimed inapplicability of the "undue familiarity" exclusion is found to offer the Wades no real assistance.

In our view, the proper inquiry is whether, regardless of the actual words used by the drafter, the claim under consideration is so intertwined with the underlying sexual misconduct as to make the two inseparable (*see, American Home Assur. Co. v Stone*, 61 F3d 1321, 1329-1330; *Govar v Chicago Ins. Co.*, 879 F2d 1581, 1583; *Franklin v Professional Risk Mgt. Servs.*, 987 F Supp 71, 76; *Chicago Ins. Co. v Griffin*, 817 F Supp 861, 864-865; *Cranford Ins. Co. v Allwest Ins. Co.*, 645 F Supp 1440, 1444; *Chicago Ins. Co. v Manterola*, 191 Ariz 344, 347, 955 P2d 982, 984-985; *see also*, Annotation, *Coverage of Professional Liability or Indemnity Policy for Sexual Contact with Patients by Physicians, Surgeons and Other Healers*, 60 ALR5th 239, 317-326; 9 Russ and Segalla, Couch on Insurance § 131:12 [3d ed]). Applying that analysis leads to the inescapable conclusion that the Wades' first cause of action falls squarely within the "undue familiarity" exclusion.[3]

Crew III, Peters, Spain and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied plaintiff's motion for summary judgment; motion granted and it is declared that the insurance contracts issued by plaintiff to defendant Lokendra K. Singh do not require plaintiff to indemnify Singh for any damages that may be awarded to defendants Eric Wade, as executor of the estate of Deborah Wade, and Bruce Wade by reason of the allegations contained in their complaint; and, as so modified, affirmed.

---

**3.** Among the allegations of the first cause of action are the following:

"7. In the course of treatment and therapy, [Singh] so aroused [Wade's] emotions by manipulation of the 'transference phenomenon' that she became infatuated and fell in love with him and [Wade] thereby commenced to have a sexual relationship with [Singh] * * *

"10. As a result of the control [Singh] exercised over [Wade], and by means of [Singh's] manipulation of his role as psychiatrist, [Wade] was unable to conduct herself properly and thus engaged in sexual relations with him * * *

"12. [Singh] was negligent in his treatment and counseling of [Wade] in * * * permitting a personal relationship to develop with [Wade] * * * and negligently entering into a sexual relationship with [Wade] knowing that it would be detrimental to [Wade's] emotional, psychological and physical well-being."