ANGELO J. IAFALLO, JR., Appellant, v NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Respondent. [750 NYS2d 386] —Appeal from a judgment (denominated order) of Supreme Court, Erie County (Makowski, J.), entered May 9, 2001, which, inter alia, granted that part of plaintiff's motion seeking a declaration.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by denying plaintiff's motion in its entirety and granting that part of the cross motion of defendant Nationwide Mutual Fire Insurance Company seeking summary judgment dismissing the complaint and dismissing the complaint and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action against defendant, Nationwide Mutual Fire Insurance Company (Nation-

wide), seeking a declaratory judgment and a money judgment pursuant to Insurance Law § 3420 (a) (2). In 1988 plaintiff brought the underlying action against, inter alia, Mario Del Monaco, who was insured under a homeowner's policy issued by Nationwide. That action was commenced by the filing and service of a summons with notice stating that the nature of the action was to recover damages for negligence, fraud and misrepresentations, intentional infliction of emotional distress, and libel and slander. After receiving the summons with notice, Nationwide arranged for the defense of Del Monaco and at the same time sent Del Monaco and plaintiff's attorney, among others, a letter in which it denied coverage with respect to all of the noticed causes of action except negligence and reserved its rights with respect to that cause of action. Plaintiff thereafter served a complaint asserting causes of action for slander, fraud and misrepresentation, intentional infliction of emotional distress and negligence, all of which are predicated upon allegedly defamatory statements made by Del Monaco concerning plaintiff. In 1997 Nationwide gave written notice disclaiming coverage on the purported negligence cause of action and refusing both further defense and indemnification. Plaintiff settled the underlying action with Del Monaco for $100,000 and commenced this action seeking a declaratory judgment and recovery of that sum from Nationwide. Plaintiff moved and Nationwide cross-moved for summary judgment. Supreme Court granted that part of plaintiff's motion seeking a declaration that Nationwide "is obligated to defend" plaintiff and further declared that Nationwide "is obligated to reimburse the plaintiff for the Underlying Action, subject to proof of negligence." Plaintiff appeals, contending that the court erred in conditioning its declaration of an obligation to "reimburse" upon "proof of negligence." Nationwide has not appealed, but contends that it is entitled to summary judgment pursuant to CPLR 3212 (b), and we agree.

Plaintiff contends that Nationwide failed to comply with Insurance Law § 3420 (d) by failing to give timely notice of its denial of coverage with respect to the negligence cause of action and thus is estopped from asserting that its policy does not cover that cause of action (*see Hamilton v City of New York*, 256 AD2d 382, 383; *see generally Markevics v Liberty Mut. Ins. Co.*, 97 NY2d 646). That contention is without merit. Nationwide owed no duty to give notice of disclaimer or denial of coverage with respect to any of the causes of action because the alleged defamation upon which the underlying action was based is not within the ambit of section 3420 (d). That statute requires notice of disclaimer or denial of coverage only where

the underlying action is for "death or bodily injury arising out of a motor vehicle accident or any other type of accident." Defamation does not occur by accident, and thus section 3420 (d) is inapplicable (*see Legion Ins. Co. v Singh*, 272 AD2d 809, 811, *lv denied* 95 NY2d 768). In any event, a defamation cause of action is not transformed into one for negligence merely by casting it as a negligence cause of action (*see Willard v Preferred Mut. Ins. Co.*, 242 AD2d 960, 960-961, *lv denied* 91 NY2d 814; *see also Allstate Ins. Co. v Mugavero*, 79 NY2d 153, 162-163). Nationwide also was not required to give notice of disclaimer or denial of coverage pursuant to section 3420 (d) for the further reason that it was not denying coverage "based on a policy exclusion without which the claim would be covered" (*Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 189; *see Zappone v Home Ins. Co.*, 55 NY2d 131, 134). The insurance policy at issue provides coverage only for liability arising out of an "occurrence," defined as "bodily injury or property damage resulting from * * * one accident * * * or continuous or repeated exposure to the same general condition." As previously noted herein, defamation does not occur by accident and thus does not fall within the coverage of the policy (*see Sweet Home Cent. School Dist. of Amherst & Tonawanda v Aetna Commercial Ins. Co.*, 263 AD2d 949; *Green Chimneys School for Little Folk v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 244 AD2d 387; *Willard*, 242 AD2d at 960-961).

Because our dismissal of plaintiff's Insurance Law § 3420 (a) (2) cause of action fully and finally disposes of all issues between the parties, there is no need for declaratory relief and we thus grant none (*see Automated Ticket Sys. v Quinn*, 90 AD2d 738, 739, *affd* 58 NY2d 949; *Walsh v Andorn*, 33 NY2d 503, 507; *Harris v Town of Mendon*, 284 AD2d 988, 989). We therefore modify the judgment by denying plaintiff's motion in its entirety and granting that part of Nationwide's cross motion seeking summary judgment dismissing the complaint and dismissing the complaint. Present—Hayes, J.P., Hurlbutt, Kehoe, Burns and Lawton, JJ.