■ ANITA FORBES, as Executrix of WILLIAM SHORT, Deceased, Appellant, v SIX-S COUNTRY CLUB, Defendant, ANITA FORBES, Individually and as Executrix of MARCIA SHORT, Appellant, and LARRY SHORT, Respondent. [785 NYS2d 209]—

Appeals from an order of the Supreme Court, Allegany County (Michael L. Nenno, A.J.), entered March 14, 2003. The order granted the motion of defendant Larry Short, dismissed the first and second causes of action, determined that the buy/sell agreement is valid, binding and enforceable, ordered that the deeds at issue are null and void, determined that the partnership known as Six-S, Six-S Golf Course and/or Six-S Country Club is the true and lawful owner of the property in question and denied plaintiff's cross motion.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying in part the motion, reinstating the first and second causes of action and vacating the third ordering paragraph and granting in part the cross motion and dissolving the partnership pursuant to the Partnership Law and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Allegany County, for further proceedings in accordance with the following Memorandum: Supreme Court erred in granting those parts of the motion of Larry Short (defendant) seeking summary judgment dismissing the first and second causes of action

of the amended complaint and seeking judgment on his first counterclaim, determining that the buy/sell agreement at issue herein is in full force and effect. The court further erred in denying those parts of plaintiff's cross motion for summary judgment seeking a determination that the buy/sell agreement is null and void and seeking dissolution of the partnership at issue. We therefore modify the order by denying in part defendant's motion, reinstating the first and second causes of action of the amended complaint and vacating the third ordering paragraph and granting in part plaintiff's cross motion and dissolving the partnership pursuant to the terms of the Partnership Law, and due to the unique circumstances of this case, we remit the matter to Supreme Court for further proceedings not inconsistent with this decision.

William Short commenced this action alleging that he and Marcia Short, his wife, entered into the buy/sell agreement with defendant, their son. William died during the pendency of this appeal, and Anita Forbes was substituted as plaintiff, in her capacity as the executrix of William's estate. In addition, Anita is an individual defendant and a defendant in her capacity as the executrix of Marcia's estate. According to the amended complaint, the buy/sell agreement "related to a partnership entitled 'Six-S', purportedly a partnership organized and existing under the laws of the State of New York." Also according to the amended complaint, there is no such partnership in existence of which William, Marcia and defendant were partners. There is, however, a "Six-S Country Club" partnership (a named defendant herein) that, according to the amended complaint, was formed pursuant to an oral agreement and was dissolved pursuant to the Partnership Law following the death of Marcia. According to the amended complaint, defendant demanded the right to purchase the partnership interests pursuant to the terms of the buy/sell agreement, but those terms "with respect to the payment of the partners['] interests are substantially less than the actual value of the interest in the Six-S Country Club and real property on which such partnership operations were conducted." The amended complaint sought, inter alia, judgment declaring that the buy/sell agreement is null and void and an accounting and a determination of the rights of the parties with respect to the dissolution of the partnership.

We note at the outset that, although both the amended complaint and certain of defendant's counterclaims purport to seek a declaratory judgment, "there is no need for declaratory relief and we thus grant none" (*Iafallo v Nationwide Mut. Fire Ins. Co.*, 299 AD2d 925, 927 [2002]).

We agree with plaintiff that the partnership at issue is a partnership at will and that William was entitled to dissolve the partnership in accordance with the terms of the Partnership Law rather than pursuant to the terms of the buy/sell agreement. We further agree with plaintiff that the buy/sell agreement cannot itself be construed as a partnership agreement. The buy/sell agreement refers to a preexisting or wholly separate partnership formed under the laws of New York, and it does not contain the "material terms expressing the full understanding and obligations of the parties" (*Cleland v Thirion,* 268 AD2d 842, 844 [2000]).

Here, the partnership at issue was pursuant to an oral agreement, and "[a]n oral agreement to form a partnership for an indefinite period creates a partnership at will" (*Prince v O'Brien,* 234 AD2d 12, 12 [1996]). Such a partnership at will may be dissolved at any time by any partner (*see McQuillan v Kenyon & Kenyon,* 220 AD2d 395, 396 [1995], *lv dismissed* 88 NY2d 1064 [1996]), e.g., "when [any] of the partners expresses an intent not to continue longer" (*Bayer v Bayer,* 215 App Div 454, 473 [1926]). Although partners may include in their partnership agreement "practically 'any agreement they wish' " (*Riviera Congress Assoc. v Yassky,* 18 NY2d 540, 548 [1966]), including a provision conditioning termination of the partnership on the right of one partner to purchase another partner's interest (*see Napoli v Domnitch,* 18 AD2d 707, 708-709 [1962], *affd* 14 NY2d 508 [1964]; *cf. Curtin v Glazier,* 94 AD2d 434, 438 [1983]), that was not done here. Thus, in the absence of a partnership agreement to the contrary, the partnership was dissolved upon the death of Marcia (*see* Partnership Law § 62 [1] [b]; [4]).

We conclude, however, that the court properly granted that part of defendant's motion seeking a determination that the conveyance of one third of the partnership property to Anita by William and Marcia prior to dissolution of the partnership is null and void. The transfer was in violation of Partnership Law § 40 (7), which provides that "[n]o person can become a member of the partnership without the consent of all the partners." The transfer of the property effectively made Anita a partner to the partnership, and it is undisputed that defendant did not consent to the transfer of the partnership property (*see Rapoport v 55 Perry Co.,* 50 AD2d 54, 57-58 [1975]). Although pursuant to Partnership Law § 21 (1) a partner may convey title to partnership property held in his or her own name, that section also provides for recovery of the partnership property unless the transferee is "a holder for value without knowledge that the partner, in making the conveyance, has exceeded his [or her]

authority." It is also undisputed that Anita was aware of the nature of the transfer. Finally, we conclude that the transfer of the property to Anita does not fall within Partnership Law § 40 (8) because it was not an "ordinary matter[ ] connected with the partnership business" that may be decided by a majority of the partners. Present—Hurlbutt, J.P., Gorski, Martoche, Lawton and Hayes, JJ.