■ DENTAL HEALTH ASSOCIATES et al., Respondents, v ALI ZANGENEH, Appellant, et al., Defendants. [825 NYS2d 505]—

In an action, inter alia, to recover damages for breach of a covenant not to compete, the defendant Ali Zangeneh appeals from an interlocutory judgment of the Supreme Court, Orange County (Byrne, J.), entered January 20, 2005, which, after a nonjury trial, is in favor of the plaintiff Steven P. Stern and against him, inter alia, in the principal sums of $487,487.80 in compensatory damages, $243,698.40 in punitive damages, and $38,655.58 in costs and disbursements.

Ordered that the interlocutory judgment is modified, on the law and the facts, by (1) reducing the principal award of compensatory damages from the sum of $487,487.80 to the sum of $286,503, and (2) deleting therefrom the award of punitive damages; as so modified, the interlocutory judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for the entry of an appropriate amended interlocutory judgment including prejudgment interest and $38,655.58 in costs and disbursements.

In 1992 the plaintiff Steven P. Stern and the defendant Ali Zangeneh (hereinafter the appellant) entered into an agreement (hereinafter the agreement) to form Dental Health Associates, a dental practice, and to regulate the relationship between each other as partners in the dental practice. The agreement contained a restrictive covenant which provided that each partner agreed not to compete directly or indirectly with the "business of the Partnership for a period of 1 year after their retirement from or termination of employment within a fifteen (15) mile radius of our office." In the instant action, the plaintiffs seek to recover damages from the appellant for breach of the restrictive covenant and breach of fiduciary duty.

The parties do not dispute that the appellant established a competing dental practice in close proximity to Dental Health Associates. The appellant contends that he did not violate the restrictive covenant or breach his fiduciary duty on the ground that the partnership was dissolved more than one year before he opened his competing dental practice.

Partnership Law § 60 provides that "[t]he dissolution of a partnership is the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from the winding up of the business." Partner-

ship Law § 62 (1) (b) provides that a partnership may be dissolved "[b]y the express will of any partner when no definite term or particular undertaking is specified." However, the partners may include in their partnership agreements practically any terms they wish (*see Riviera Congress Assoc. v Yassky*, 18 NY2d 540, 547 [1966]), including conditions which must be satisfied for termination of the partnership (*see Forbes v Six-S Country Club*, 12 AD3d 1049, 1051 [2004]).

As noted by the Supreme Court, the agreement expressly stated that "[t]his Agreement may be terminated, waived or modified only by a written agreement executed by the party against which enforcement of such termination, waiver, or modification is sought." The agreement provided for two ways to terminate the partnership: execution of another written agreement, or termination of employment.

By letter dated February 3, 1998 the appellant stated that "it is my intention to terminate the partnership agreement between us." The letter further stated that "I believe that a termination of the partnership is the only viable option . . . [t]he termination shall take effect 30 days from delivery of this letter to you." This letter could not terminate the agreement since it was not signed by Dr. Stern. Nor did the letter sever the appellant's association with the partnership. The appellant acknowledged at the trial that he continued to work full time in the partnership offices until January 23, 1999. The partnership was not terminated until the appellant ceased his employment and thereby terminated his association with the partnership.

Further, the restrictive covenant was not dissolved when the partnership was dissolved. The terms of the restrictive covenant remained in effect for one year after the appellant's "retirement from or termination of employment" not dissolution of the partnership. Since a partner's retirement or termination of employment would likely result in dissolution of the partnership, interpreting the restrictive covenant as barring competition with the *partnership* for one year after retirement or termination of a partner would render the restrictive covenant meaningless. "In construing a contract, one of a court's goals is to avoid an interpretation that would leave contractual clauses meaningless" (*Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc.*, 63 NY2d 396, 403 [1984]).

Moreover, the restrictive covenant prohibited competition with the "business of the Partnership" which must be distinguished from the partnership itself. The "business of a partnership" may continue after dissolution of the partnership (*see* Partnership Law § 72 [8]) and did so here.

The appellant's contention that the plaintiffs were estopped from enforcing the restrictive covenant is without merit (*see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 106-107 [2006]; *J.P. Doumak, Inc. v Westgate Fin. Corp.*, 4 AD3d 62, 67 [2004]).

The plaintiffs were not entitled to punitive damages, on the ground that punitive damages were not demanded in their pleadings (*see Crispino v Greenpoint Mtge. Corp.*, 2 AD3d 478, 479 [2003]; *Lee v Health Force*, 268 AD2d 564 [2000]). The plaintiff rested without making an application to conform the pleadings to the proof.

With respect to compensatory damages, Dr. Stern was properly awarded $286,503 in lost income which would constitute his share of the lost profits of the partnership business. However, an additional $27,984.80 for unrealized income resulting from the appellant's appropriation of 200 patients was not supported by the evidence.

The plaintiffs' expert testified that the partnership lost goodwill as a result of the dispute over dissolution of the partnership. According to the plaintiffs' expert, damages from loss of goodwill amounted to 10% of the value of the practice. Based upon his testimony, Dr. Stern was awarded an additional $173,000. This was error.

The plaintiffs did not prove that the dispute over the dissolution of the partnership was so disturbing that the dental practice lost value because of it. The practice lost value because Dr. Zangeneh set up a rival practice resulting in lost profits (*see Hyde Park Prods. Corp. v Lerner Corp.*, 65 NY2d 316 [1985]).

The appellant's remaining contention with respect to disbursements awarded is unsubstantiated.

Accordingly, we reduce the award of compensatory damages to $286,503 not inclusive of prejudgment interest, and the matter is remitted to the Supreme Court, Orange County, for the entry of an appropriate amended interlocutory judgment including prejudgment interest and $38,655.58 in costs and disbursements. Florio, J.P., Goldstein, Lunn and Dillon, JJ., concur.