■ HARRY EISENBERG, Appellant, v AROONSRI ANAVIL et al., Defendants, and NEW YORK MUNICIPAL INSURANCE RECIPROCAL, Respondent. [855 NYS2d 236]—

In an action, inter alia, to recover damages for breach of an alleged duty to defend, the plaintiff appeals from (1) an order of the Supreme Court, Putnam County (O'Rourke, J.), dated March 29, 2007, which, among other things, granted the motion of the defendant New York Municipal Insurance Reciprocal for summary judgment dismissing the complaint insofar as asserted against it, and (2) a judgment of the same court dated May 16, 2007, which, upon the order, is in favor of the defendant New York Municipal Insurance Reciprocal and against him, dismiss-

ing the complaint insofar as asserted against that defendant. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The appellant alleges that the defendant insurance carrier (hereinafter the defendant) breached its obligation to defend him in an action brought against him in federal court, causing him to incur the sum of $41,604.74 in defense costs. The causes of action against the appellant in the federal action alleged "common-law fraud," criminal conduct including racketeering activity, and conduct "in the nature of an intentional series of acts having the specific purpose of depriving the Plaintiff [in the federal action] of her property." The defendant established, prima facie, that these allegations fell within the plain meaning of the policy exclusions (*see Utica First Ins. Co. v Star-Brite Painting & Paperhanging*, 36 AD3d 794, 796 [2007]; *Hodgson v United Servs. Auto. Assn.*, 262 AD2d 359, 360 [1999]). In opposition, the appellant failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.

The appellant's remaining contentions either are without merit or need not be addressed in light of our determination. Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.