Hyperion Med. P.C. v Trinet HR III, Inc. (2021 NY Slip Op 00087)





Hyperion Med. P.C. v Trinet HR III, Inc.


2021 NY Slip Op 00087


Decided on January 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 07, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Moulton, González, Scarpulla, JJ. 


Index No. 654790/18 Appeal No. 12810 Case No. 2019-05573 

[*1]Hyperion Medical P.C., Plaintiff-Appellant,
v
Trinet HR III, Inc., et al., Defendants, Steadfast Insurance Company, Defendant-Respondent.


Echtman & Etkind, LLC, New York (David Etkind of counsel), for appellant.
Ropers Majeski PC, New York (Andrew L. Margulis of counsel), for respondent.



Order, Supreme Court, New York County (Louis L. Nock, J.), entered September 9, 2019, which denied plaintiff's motion for summary judgment on its claims seeking defense and indemnification from defendant Steadfast Insurance Company (Steadfast) and granted Steadfast's cross motion for summary judgment dismissing plaintiff's claims against it, unanimously modified, on the law, solely to declare that Steadfast is not required to defend and indemnify plaintiff in the underlying action, and otherwise affirmed, without costs.
Plaintiff seeks coverage for employment discrimination claims with respect to a lawsuit commenced by a former employee during the policy period, two years after plaintiff received notice that the employee had made a discrimination claim with the Equal Employment Opportunity Commission (EEOC) and the New York State Division of Human Rights. The Steadfast policy provides that claims are deemed to be first made when the insured received notice of the claim, that more than one claim involving the same wrongful act or interrelated wrongful acts are deemed to constitute a single claim, and that claims dating from before the inception date of the policy would be excluded. These terms are clear and unambiguous (see McGrail v Equitable Life Assur. Socy. of U.S., 292 NY 419, 424 [1944]; Westchester Fire Ins. Co. v Schorsch, 186 AD3d 132, 140 [1st Dept 2020]). The claims asserted by the employee in her complaint and in her administrative claim are substantially the same, and therefore are deemed to be a single claim arising before the policy period. For similar reasons, plaintiff's office manager, the subject of plaintiff's harassment allegations, was not entitled to defense and indemnification because he was not an employee under the client services agreement with defendant TriNet HR III, Inc. at the time the employee's claim was first made.
Plaintiff's contention that Steadfast did not timely disclaim coverage under Insurance Law § 3420(d) was properly rejected because "[b]y its plain terms, section 3420(d)(2) applies only in a particular context: insurance cases involving death and bodily injury claims arising out of a New York accident and brought under a New York liability policy" (KeySpan Gas E. Corp. v Munich Reins. Am., Inc., 23 NY3d 583, 590 [2014]). The employee's claims do not allege that she suffered bodily injury and her claims did not arise from an accident (see Legion Ins. Co. v Singh, 272 AD2d 809, 810-811 [3d Dept 2000], lv denied 95 NY2d 768 [2000]). Even if the statute were applicable, Steadfast provided a written disclaimer less than a week after being notified of the lawsuit (see 2540 Assoc. v Assicurazioni Generali, 271 AD2d 282, 284 [1st Dept 2000]).
Furthermore, Steadfast did not waive its claim that the EEOC charge and the lawsuit were interrelated and therefore, that the claim was a single claim dating from 2016, by failing to mention that defense in the disclaimer letter. An insurer can never waive a defense [*2]that the claim is not within the scope of coverage, because an "extension of coverage cannot be attained by waiver, which is a voluntary and intentional relinquishment of a known right" (Albert J. Schiff Assoc. v Flack, 51 NY2d 692, 698 [1980]). The term "claim" is understood as defined by the policy, which puts all defined terms in boldface (see Hartford Ins. Co. of Midwest v Halt, 223 AD2d 204, 212 [4th Dept 1996], lv denied 89 NY2d 813 [1997]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2021